## SIMPSON FEED CO., Inc. v. CONTINENTAL GRAIN CO.

### No. 14597.

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1952.

Fred M. Pickens, Jr., Wayne Boyce, Newport, Ark., and Charles Cole, Batesville, Ark., for appellant.

Karol A. Korngold, St. Louis, Mo., W. D. Murphy, Jr., Batesville, Ark., and Kaneaster Hodges, Newport, Ark., for appellee.

Before SANBORN, WOODROUGH and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The defendant in this action for damages for the alleged breach of a sales contract has appealed from the judgment in favor of the plaintiff. The claim upon which the action was brought was that the defendant on September 14, 1950, had contracted in writing to sell, and the plaintiff had agreed to buy, 10,000 bushels of soy beans at $2.20 per bushel f. o. b. Newport, Arkansas, shipment to be made at seller's option in October or November, 1950; that after making delivery to the plaintiff of 2,000 bushels on or about October 31, 1950, the defendant refused to deliver the remainder of the beans contracted for; that on November 30, 1950, the last date for performance of the contract, the market price of soy beans was $2.73¾ per bushel, and the resulting loss to the plaintiff from the defendant's failure to perform was $.53¾ per bushel or $4,300.

The defendant in its answer and cross-complaint admitted the contract; admitted that it had delivered to the plaintiff 2,008.5 bushels of soy beans on or about October 31, 1950, for which the defendant had been partially paid; alleged that the plaintiff had breached the contract, thereby releasing the defendant from further performance; and asserted that there was still

due from the plaintiff $441.87 on account of the October 31 shipment, for which amount the defendant demanded judgment.

Two controversial issues were presented: (1) Had the plaintiff been guilty of a substantial breach of the contract which relieved the defendant from performance? (2) If not, were the damages recoverable by the plaintiff to be measured by the market price of soy beans as of the date when the defendant had refused to perform, November 2, 1950, or as of the last date when performance was due, November 30, 1950?

The issues were tried to a jury. At the close of the evidence the plaintiff made a motion for a directed verdict on the ground that no defense to its claim had been established. The court reserved its ruling on the motion. The jury failed to agree and was discharged. The plaintiff thereafter moved for judgment under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. The motion was sustained. The court entered judgment for the plaintiff, ruling that as a matter of law the alleged breach of the contract by the plaintiff was unsubstantial and did not justify the failure of the defendant to perform its contract, and that the measure of the plaintiff's damages was the difference between the contract price and the market price of the undelivered beans on November 30, 1950, the last date upon which performance was due under the contract. Continental Grain Co. v. Simpson Feed Co., Inc., D.C., 102 F. Supp. 354.

There is little dispute as to the facts which gave rise to this controversy. On October 30, 1950, the defendant had a carload of beans (about 2,000 bushels) for the plaintiff and called for shipping instructions which the plaintiff was obligated to furnish. These instructions were promptly given and the car was shipped. The defendant sent the plaintiff a draft for 90% of the purchase price, which was paid upon presentation. The balance of the purchase price, amounting to $441.87, has not been paid.

On the night of October 30, 1950, the defendant loaded another car of beans for the plaintiff, and on October 31, by telephone, asked the plaintiff's agent for shipping instructions. There is a dispute in the evidence as to this telephone conversation. The plaintiff's version is that the defendant's agent was informed that the plaintiff was seeking a permit for shipment to New Orleans, but had not yet received it; that the defendant's agent asked when the permit would be obtained and was told that it might be in thirty minutes or in a day or two; that he then said, "Let me know as soon as possible." The defendant's testimony was that the plaintiff's agent stated over the telephone that the plaintiff would furnish shipping instructions within thirty minutes, and that nothing was said about a New Orleans permit.

Shipping instructions were not received by the defendant from the plaintiff until November 2, or about 48 hours after they had been requested. When the plaintiff furnished the instructions, it was advised by the defendant that it considered the contract breached by virtue of the plaintiff's delay and that no more beans would be shipped under the contract. The plaintiff refused to accept this renunciation of the contract and insisted on performance.

It appears that there was a car shortage at the time that shipping instructions for the second carload were requested, and that the defendant was under pressure from the railroad to move the car and billed it out to another of its customers. It thereafter continued to refuse to ship any more soy beans to the plaintiff.

The parties stipulated that the price of soy beans on November 2, the date the defendant refused further performance of the contract, was $2.50 per bushel f. o. b. Newport, and that on November 30, the last date for the performance of the contract, the market price was $2.70½ per bushel.

The District Court concluded that, under the evidence and the applicable law, the attempted renunciation of the contract because of the plaintiff's delay in giving shipping instructions was not justified; that the defendant was indebted to the plaintiff for the difference between the contract price of the beans and their market price on November 30; and that the plaintiff was indebted to the defendant for the balance

due upon the carload of beans shipped on October 30, amounting to $441.87. Judgment was entered accordingly, and this appeal followed.

The defendant contends that the question whether the delay of the plaintiff in giving shipping instructions was for an unreasonable time and therefore a material and substantial breach of the contract was not a question of law for the court, but one of fact for the jury. The defendant also asserts that the damages should have been measured by the difference between the contract price and the market price of the beans at the time further performance of the contract was refused, and not as of the last day when performance was due.

■ No useful purpose can be served by our repeating or paraphrasing what has already been said by the District Court in an excellent opinion, in which the facts and the applicable law are, we think, adequately and accurately stated. There can be no doubt that the District Court reached a correct conclusion as to the proper measure of damages. See Reliance Cooperage Corp. v. Treat, 8 Cir., 195 F.2d 977.

■ The question whether the plaintiff's delay in furnishing shipping instructions was a substantial breach of the contract, we think, was not a question of fact for the jury under the evidence. The rule is that where the evidence is so overwhelmingly on one side as to leave no room to doubt what the fact is, the court should give a peremptory instruction to the jury. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720. It seems obvious to us, as it did to the District Court, that the plaintiff's delay in furnishing shipping instructions was of no serious or prejudicial consequence to the defendant, but was seized upon by it as an excuse for refusing to furnish the plaintiff with the beans at the contract price which was much lower than the market price which prevailed at the time the delay occurred. Had the jury returned a verdict for the defendant, we think it would have been the court's duty to set it aside.

The District Court has, however, made an inadvertent and obvious mistake in the amount of the recovery to which the plaintiff is entitled. The court took as the market price of the beans on November 30, 1950, the sum of $2.73 a bushel, although the parties had stipulated that the price on that date was $2.70½ a bushel. It is apparent that the defendant did not direct the attention of the court to that error.

The judgment will be modified so as to give effect to the stipulation of the parties with reference to the market price of soy beans on November 30, 1950, and, as so modified, the judgment will stand affirmed.