**Thaisa L. GILBY, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, a corporation, Appellee.**

**No. 15751.**

United States Court of Appeals
Eighth Circuit.

Oct. 29, 1957.

Keith Martin, Kansas City, Mo. (Harry C. Clark, Louis W. Krings and Fred A. Bredehoft, Kansas City, Mo., on the brief), for appellant.

Jack B. Robertson, Kansas City, Mo. (Lyman Field and Rogers, Field, Gentry & Jackson, Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

Thaisa L. Gilby, plaintiff below, has appealed from an adverse verdict and judgment of the trial court denying her claim as beneficiary of her deceased husband's $9,000 group life insurance certificate which had been issued to her husband, Harry T. Gilby, as an employee of Panhandle Eastern Pipe Line Company of Kansas City, Missouri, hereinafter called Panhandle. The group life insurance policy upon which the above certificate was based was carried for Pan-

handle by the Travelers Insurance Company, appellee herein.

Appellant's claim arose from the suicide of Harry T. Gilby on March 7, 1955. The last day Harry T. Gilby worked for Panhandle was January 28, 1955. After that date he did not return to work and did not communicate with Panhandle in any way, nor did Panhandle notify him that he had been discharged. Panhandle had a rule which required the removal from the payroll of any employee who, without explanation, absented himself from work for four consecutive working days. After such removal Panhandle would consider that the subject employee had resigned. Accordingly, Harry T. Gilby was removed from Panhandle's payroll on February 3, 1955. The last day Gilby worked was on Friday, January 28, 1955. He spent a normal weekend with his wife. On Monday morning, January 31, 1955, Mrs. Gilby prepared his breakfast and put up his lunch. He left about seven o'clock a. m. He was gone for two days, after which he was brought home in a drunken condition. He had not been at work during that period. On Wednesday, February 2nd, Gilby "acted all right" but when his wife pleaded with him to return to work he refused, stating that he did not feel like working and that he had something wrong with him that she did not know anything about. On that day, February 2nd, Mrs. Gilby called Panhandle concerning her husband's absence and was told by his supervisor that he had until Friday, February 4th, to return to work. Mrs. Gilby pleaded with her husband every day for some period to go back to work, but he said he was not going back, although she testified he was physically able to work. He claimed he was not satisfied with his job at Panhandle and that he did not like his supervisor. He later told her that he had asked for work on a highway being built nearby and that he had also asked for work elsewhere. On February 7, 1955, Mrs. Gilby asked her husband's supervisor at Panhandle to give him a six-months' leave of absence, which was denied. On February

15, 1955, Gilby applied for unemployment benefits, claiming "lack of work" as his reason for separation from Panhandle. He made himself available for other employment. Harry T. Gilby died on March 7, 1955, from a self-inflicted gunshot wound.

Mrs. Gilby thereupon made claim against the Travelers Insurance Company, appellee, for the amount of the group life insurance certificate issued to him. Her claim was refused apparently on the ground that his employment and insurance coverage based thereon had terminated prior to his death. The subject life insurance certificate provided in part:

"The insurance of any Employee covered under said policy shall end when his employment with the Employer shall end, except in a case where at the time of such termination the Employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such Employee during the continuance of such disability * * *."

Appellant brought this suit to enforce her claim against appellee. She alleged that from January 28, 1955, until Gilby's death, March 7, 1955, he had been " * * * wholly disabled and prevented by bodily disease from engaging in any occupation or employment for wage or profit * * *". No other theory of recovery was advanced by the appellant in her pleadings. During the trial, however, the appellant broadened her claim by attempting to show that Gilby was still employed by Panhandle at the time of his death because Panhandle admittedly had not notified Gilby that it had discharged him or of its assumption that he had resigned on February 3, 1955. Appellee offered evidence to contradict appellant's claim of employment between January 28, 1955, and March 7, 1955.

At the conclusion of the evidence, the appellant made a motion for a directed verdict on the ground that "the pleadings

of the parties herein and the testimony in evidence, presented in this cause conclusively and as a matter of law show that the insurance policy issued upon Harry T. Gilby was in full force and effect at the time of his death, to-wit: March 7th, 1955". The motion was denied and the court submitted the case to the jury on the sole question of Gilby's whole and continuous disability from January 28, 1955, until his death, March 7, 1955. Appellant took exception to the trial court's refusal to instruct the jury on the question of Gilby's employment status at the time of his death. In ruling on the exception, the court stated as follows:

> "It is the view of the Court that under plaintiff's own testimony, the decedent terminated his employment and was not going back to work, and there was no occasion to charge the jury from that situation."

The jury returned a verdict adversely to the appellant. Appellant thereupon moved for judgment notwithstanding the verdict on the ground (1) that all of the evidence disclosed that the policy was, on March 7, 1955, in full force and effect; (2) that plaintiff's husband, Harry T. Gilby, was as a matter of law an employee of Panhandle Eastern Pipe Line Company on March 7, 1955, and in the alternative the appellant moved for a new trial on the following grounds: (1) the court erred in failing to submit to the jury the issue of whether or not Harry T. Gilby was an employee of the Panhandle Eastern Pipe Line Company until and on March 7, 1955; (2) the court erred in refusing to admit Plaintiff's Exhibit No. 4 and in particular Exhibit 8 of Article 5 thereof. The motion was denied.

On appeal here the appellant has abandoned her original claim of Gilby's total disability between January 28, 1955, and March 7, 1955, but has preserved her claim of error in the trial court's refusal to instruct the jury as to Gilby's employment status during that period. She claims here that the trial court also erred in not sustaining her motion for a directed verdict made at the close of all the evidence on the grounds that the policy was in force and effect on March 7, 1955, because notice of termination had not been given to Gilby. Whether the trial court erred in refusing to direct a verdict or in withholding from the jury the question of Gilby's employment status at the time of his death depends, of course, upon the evidence. If the evidence was such that the court could say as a matter of law that the policy was in force and effect at the time of death, then a directed verdict should have been granted. See Gunning v. Cooley, 1930, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Simpson Feed Co. v. Continental Grain Co., 8 Cir., 1952, 199 F.2d 284, 286. The question of whether or not the court erred in withholding from the jury the issue of Gilby's employment status at the time of death depends, of course, upon whether there was any substantial evidence offered at the trial to support an inference that Gilby was then so employed. See Kleinschmit v. Farmers Mut. Hail Ins. Ass'n of Iowa, 8 Cir., 1939, 101 F.2d 987, 988. All of the evidence offered during the trial supports the sole conclusion that Gilby voluntarily terminated his own employment with Panhandle and at no time ever intended to return to work there. He told the appellant he would not return to work for Panhandle and although she begged him continuously to do so, he refused. He claimed he did not like his job at Panhandle and did not like his boss. He applied for unemployment compensation benefits on February 15, 1955, thus making himself available for other employment. He told the appellant that he had sought work at other places. Every statement and every action of his point conclusively to the fact that Gilby terminated his own employment and at no time had any intention of returning to work for Panhandle.

Cases here relied upon by appellant involve situations where employees had been temporarily laid off, or where there was conflicting evidence regarding the termination of the employment. During layoff periods, with insurance coverage in effect, and where an employer attempts

to terminate employment but has failed to give notice, it is generally held that termination for insurance purposes was not effected. Such cases and cases involving conflicting evidence as to employment termination are of no help in the present situation. It may well be that Panhandle would be required to give notice of termination to any employee whom it was discharging, whether that employee had been laid off or was actively working. However, Gilby was not discharged by Panhandle. Instead, as shown by his refusal to return to work and his attempts to obtain other employment and his registration for unemployment compensation, he had voluntarily and conclusively quit his employment at Panhandle. Consequently, any requirement of notice of termination from Panhandle to Gilby became immaterial. Such notice, if given, could have no effect whatsoever because termination by Gilby himself had already occurred. Obviously the motion for a directed verdict was properly denied and just as obviously the trial court was correct in refusing to submit to the jury the question of Gilby's employment status at the time of his death. There was no evidence whatsoever from which a jury could find that the policy was in effect or that Gilby was still employed on March 7, 1955.

■ Error was claimed in the court's refusal to admit Appellant's Exhibit No. 4, which was a part of a union-management agreement requiring that Panhandle give written notice of discharge or layoff and to state the reason therefor. The exhibit was completely irrelevant to the question of whether Gilby had volun-tarily quit his job and so terminated his employment himself. There was no error in refusal to admit the exhibit.

■ Appellant also contends here that the "conversion privilege" clause of the master insurance policy and Gilby's group insurance certificate as taken from the master policy should be so construed as to provide a 31-day grace period following termination of employment. (The 31st day after February 3, 1955, the day Gilby was removed from the payroll, fell on Sunday, March 6th, from which appellant argues that the grace period she claims extended on to Monday, March 7, 1955, the day of death.) The record shows no pleading, evidence, argument or requested instruction to the trial court which even remotely establishes that this question was raised in the trial court. Appellant is bound by the theories of recovery advanced by her at the trial. Accordingly, this court will refuse to consider a question which is raised here for the first time on appeal and which was never presented to or passed upon by the trial court. See Weiss v. Duro Chrome Corp., 8 Cir., 1953, 207 F.2d 298, 300:

> "The trial court having had no opportunity of passing upon the question now for the first time presented cannot be charged with error in failing to do that which it was not requested to do."

See also Green v. Dingman, 8 Cir., 1956, 234 F.2d 547, 550; New York Life Ins. Co. v. Calhoun, 8 Cir., 1940, 114 F.2d 526, 543, certiorari denied 311 U.S. 701, 61 S.Ct. 141, 85 L.Ed. 455.

Finding no error, this case is affirmed.