**Thomas D. CUNDIFF, Plaintiff-Appellant,**

v.

**Virginia Lee WASHBURN, Defendant-Appellee.**

**No. 16445.**

United States Court of Appeals
Seventh Circuit.

March 29, 1968.

Don G. Brooks, Terre Haute, Ind., for plaintiff-appellant, Berry, Kincade & Miller, Terre Haute, Ind., of counsel.

Thomas C. Stifler, III, Stifler & Snyder, Danville, Ill., for defendant-appellee.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff-appellant Thomas D. Cundiff appeals from judgment entered against him in a personal injury diversity action on May 4, 1967 and from an order denying his motion for new trial entered June 13, 1967. The case was tried to a jury.

The occurrence that gave rise to this litigation was an intersection collision between cars driven by appellant and appellee Virginia Lee Washburn in North Terre Haute, Indiana on November 10, 1963. The action was brought in federal district court in Illinois, the state of appellee's residence.

The sole trial error asserted in the motion for new trial and on appeal is the alleged inconsistency between the general verdict and the jury's answer to a special interrogatory. The jury returned a verdict against appellant on his claim and against appellee on her counterclaim. It answered "no" to the special interrogatory: "Was the Plaintiff, Thomas D. Cundiff, guilty of negligence which proximately contributed to cause the occurrence in question?"

Appellant contends that the general verdict against him is inconsistent with the special finding that he was not guilty of negligence proximately contributing to the collision and resultant injuries. He maintains that under Indiana law the collision could not have been a pure accident, that one of the parties must have been negligent, and that since the jury specially found that he was not, appellee must have been the negligent party.

Appellee contends that appellant waived the right to raise the alleged inconsistency on his motion for new trial or on appeal.

After return of the verdict, the trial court addressed counsel, stating: "Gentlemen, there seems to be a discrepancy between the answer to the interrogatory and the verdict. Do either of you desire that I explain this matter to the jury and ask them to return to the jury room for further deliberation?" Appellant's two attorneys, after conferring, answered in the negative.

Special interrogatories are governed by Rule 49 F.R.C.P., 28 U.S.C.A., which provides in part:

"(b) * * * When the answers [to special interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."

■ Rule 49(b) gives the trial court discretion to remedy such inconsistencies by reconciling the general verdict with the special findings, resubmitting the verdict and the findings to the jury or ordering a new trial. The question that appellee raises is whether the party who is disenchanted with the general verdict but does not move for resubmission thereby waives the right to have the inconsistency, if any, remedied by a new trial.

We have found no federal cases precisely on point, and none has been cited to us. However, several recent cases are closely analogous. In Kirkendoll v. Neustrom, 10 Cir., 379 F.2d 694 (1967), the Tenth Circuit held that no error was committed by denial of motions for judgment notwithstanding the verdict and for a new trial where the appellant permitted the judge to discharge the jury, then asserted the inconsistency of special

findings with each other and with the general verdict.

In Employers Casualty Company v. Dupaquier, 5 Cir., 338 F.2d 336 (1964) (*per curiam*), the Fifth Circuit held that the trial court did not err by reconciling the answer with the verdict as it did, after the appellant failed to move for resubmission to the jury. Cf. Safeway Stores, Inc. v. Dial, 5 Cir., 311 F.2d 595 (1963); St. Louis-San Francisco Ry. Co. v. Simons, 10 Cir., 176 F.2d 654 (1949); Whitney v. Akers, W.D.Okla., 247 F.Supp. 763 (1965).

Consistent with the apparent rationale of these cases, we hold that appellant waived any objection to the verdict on grounds of inconsistency with the special finding by failing to move the resubmission of the verdict and finding to the jury. Any other decision would hamper the just and efficient operation of the federal courts. It would encourage jury-shopping by litigants, permitting them to decide whether to take their chances on resubmitting the verdict and findings to the jury sitting or remain silent thereby allowing the entry of judgment and moving for a new trial before a new jury. It might also encourage the use of special interrogatories as a trial tactic to create the opportunity for such inconsistency and preserve the option for a new trial on grounds of such inconsistency.

In contrast, the rule that objection on grounds of inconsistency is waived by failure to move for resubmission promotes the fair and expeditious correction of error. It requires that the error be corrected in the proceeding in which it is made, by the jury which made it, unless the trial court determines in the exercise of its discretion under Rule 49(b) to enter judgment on the special findings or to order a new trial.

Our interpretation of Rule 49 (b), in the absence of objection by counsel, leaves to the trial court alone the discretion to choose the means of cor-

recting inconsistency, subject to review by this court on appeal.

Our examination of the record in this case leads us to the conclusion that the verdict of the jury and the judgment entered thereon are not contrary to the evidence and the law.

For the reasons hereinabove set out, the judgment appealed from is affirmed.

Affirmed.