**Nickolas L. BARNES, Plaintiff-Appellant,**

**v.**

**Robert L. BROWN, Individually, and Robert L. Brown, d/b/a Brown Trucking Company, Defendant-Appellee.**

**No. 17746.**

United States Court of Appeals, Seventh Circuit.

July 10, 1970.

Richard L. Mandel, Alfred R. Lipton, Chicago, Ill., for plaintiff-appellant; Terry Y. Feiertag, Chicago, Ill., of counsel.

Joseph B. Lederleitner, Timothy J. Gillick, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for defendant-appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

KILEY, Circuit Judge.

The jury in this diversity personal injury case returned a general verdict for plaintiff Barnes for $1,000.00, but answered "Yes" to a special interrogatory whether he was guilty of contributory negligence proximately causing his injury. The district court nullified the general verdict, entered judgment on the special verdict and overruled Barnes' motion for new trial. He has appealed. We affirm.

On July 21, 1965, about 8:00 a.m., both Barnes in a passenger car, and defendant Brown in a tractor-trailer, were driving west on Illinois four-lane highway Route 64 in DuPage County. Barnes was in the inner westbound lane, Brown in the outer lane. A third person, Vaughn, was driving east in the inner eastbound lane. At the highway's intersection with Bloomingdale Road, there were stop and go traffic signals. At about fifty yards east of Bloomingdale Road, Brown turned into the inner lane and struck Barnes' car, forcing it into the eastbound inner lane where his car collided with Vaughn's car coming in the opposite direction.

■ Barnes contends there is no evidence to support the special verdict. We disagree.

He argues that there is no evidence that Brown saw Barnes' car before the accident; that the only evidence is that when Vaughn first saw Barnes and Brown approaching about 150 or 200 yards east of the intersection, Barnes was in the process of passing Brown; that Brown gave no warning that he was turning into the inner lane; and that Barnes sounded his horn and tried to avoid the collision by applying his brakes.

This is not the only evidence. There is evidence that Barnes had been travel-ing behind the Brown tractor-trailer, turned into the inner lane to pass, and was "just starting to pass" the 50-foot unit when, about 300 yards from the intersection, he saw a man at the intersection standing at the shoulder of the road with a red flag "telling" the traffic to move over into the inner westbound lane "because they were repairing something," and that Barnes was "going 65" miles an hour as he approached the intersection.

There was also testimony that there was an incline in the highway east of, with a down grade to, the intersection; that Brown slowed down from 40 to 20 miles per hour on the down grade, waiting for a change from a stop to a go signal; that about 50 yards from the intersection Barnes at 65 miles per hour attempted to pass; and that Brown had looked in his rear mirror after seeing the red flag warning, "couldn't see" any traffic behind him, and turned gradually into the inner lane.

Under these circumstances the jury, if it took as true the evidence favorable to Brown, could well infer that Brown exercised due care and that Barnes was guilty of negligence in failing to slow down when he observed the man with the danger signal direct traffic and did not then anticipate that Brown would probably follow the directions; that Brown could not see Barnes coming when Brown looked, because Barnes had not yet begun to pass and was directly behind the Brown unit in the "blind spot" of the rear view mirror; and that Barnes' negligence proximately caused his injury.

A consideration of the entire evidence of Barnes, Brown and Vaughn refutes Barnes' further contention that the special verdict was against the manifest weight of evidence.[1]

1. We point out that the appendix filed in the Barnes appeal is clearly unsatisfactory. For example, on page 34 the testimony of Vaughn is being reported. On the next page Barnes' testimony is being reported. There is no ending of Vaughn's nor beginning of Barnes'. And the numbers at the top of the pages indicate omission of eleven pages of record testimony.

Barnes contends that the district court's instructions 9 and 13, in view of the inconsistent verdicts, confused the jury, and that the court abused its discretion in denying Barnes' motion for new trial.

Instruction 9 told the jury of Barnes' duty of ordinary care before and at the time of the occurrence, saying that duty meant "to be free from contributory negligence." Instruction 13 dealt with Barnes' burden of proof, *i.e.*, that he used ordinary care, that Brown was guilty of negligence, that Barnes was injured and that Brown's negligence proximately caused the injury.

Barnes argues here that in returning the general verdict for him the jury must have found he exercised due care under both instructions to support that verdict. He says the same question presented by the special verdict to the jury and answered affirmatively had also twice been answered by the jury negatively. The result, he claims, was that the jury either misunderstood the instructions relating to the question in the special verdict, or that the jury attempted a compromise, and that in either event he was entitled to a new trial under Illinois law.

The record does not show, and Barnes does not argue, that he made a motion to resubmit the verdicts to the jury for reconciliation, and thus permitted the judge to discharge the jury with the inconsistent verdicts standing. This court, in an opinion by Judge Hastings, has held, in the interest of fair and expeditious correction of error, that under Rule 49, Fed.Rules Civ.Proc., 28 U.S.C., this failure of a party to make that motion waived any objection to the inconsistency of the verdicts. Cundiff v. Washburn, 393 F.2d 505 (7th Cir. 1968). Furthermore, in his motion for new trial Barnes made no claim of prejudicial inconsistency between instructions 9 and 13 and the answer to the special verdict question. Instruction 13 was not mentioned in the motion and the only error claimed as to instruction 9 was that it "implied" that there was evidence of Barnes' contributory negligence.

We hold that the point urged is waived. We see no reason to discuss the Illinois statute [2] or the cases [3] cited by special verdict is inconsistent with the general verdict, the former controls the latter and that a court may render judgment accordingly, unless the special verdict is against the manifest weight.

The judgment is affirmed.

---

2. Sec. 65 of the Illinois Civil Practice Act, Ill.Rev.Stats., 1965, Ch. 110, § 65.

3. Bruske v. Arnold, 44 Ill.2d 132, 254 N. E.2d 453 (1969); Borries v. Z. Frank, 37 Ill.2d 263, 226 N.E.2d 16 (1967); Freeman v. CTA, 33 Ill.2d 103, 210 N.E. 2d 191 (1963); Pendl v. United Parcel Service, 105 Ill.App.2d 167, 245 N.E.2d 77 (1969); Houston v. Leyden Motor, 102 Ill.App.2d 348, 243 N.E.2d 293 (1968); King v. Chicago, 53 Ill.App. 2d 484, 202 N.E.2d 839 (1964); Bates v. DeBose, 14 Ill.App.2d 574, 145 N.E. 2d 118 (1957); Stevens v. Moore, 318 Ill.App. 228, 47 N.E.2d 498 (1943); Luner v. Gellis, 314 Ill.App. 659, 42 N.E. 2d 313 (1942).