Donald E. LUDWIG, Appellant,

v.

MARION LABORATORIES, INC., a Corporation, Appellee.

No. 71-1689.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1972.

Decided Aug. 1, 1972.

Rehearing Denied Sept. 20, 1972.

Walter A. Raymond, Kenneth C. West, Edward L. Simmons and Thomas E. King, Kansas City, Mo., for appellant.

Harry P. Thomson, Jr., Kansas City, Mo. (R. Lawrence Ward, Shughart, Thomson & Kilroy, Walter J. Kennedy, and Hoskins, King, McGannon, Hahn & Hurwitz, Kansas City, Mo., of counsel), for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and DAVIES, Senior District Judge.*

STEPHENSON, Circuit Judge.

Plaintiff appeals from a judgment entered in favor of defendant upon a jury verdict in a diversity case charging violation of a contractual agreement. Plaintiff's allegations of error will be discussed seriatim. In short appellant-plaintiff charged that the defendant Corporation, his former employer, violated the terms of an Employees' Profit Sharing Trust Plan (Trust) in failing to certify that plaintiff was under such a physical or mental disability that he was no longer capable of rendering satisfactory service to the company and thereby deprived plaintiff of his full share in said Trust which totaled $300,841.75.

Plaintiff, in early June 1966, after nearly twelve years of employment with defendant, advised top management that he objected to plans which contemplated

* Sitting by special designation.

continued and increased travel on his part, as Field Sales Manager, during the ensuing year. Thereafter, defendant's president advised plaintiff that it was his opinion that plaintiff "had transferred flying phobia or fear of flying into a reluctance to travel." Plaintiff was then persuaded to consult a psychiatrist, Dr. Milton Erickson, for possible treatment. Defendant's officials made the appointment and arranged to pay plaintiff's expenses. After four consultations in late June, plaintiff returned and informed his employers that he was resigning. At their suggestion he resigned on July 1, 1966 after the close of the fiscal year in order to qualify for an additional year as a participant in the profit sharing Trust. Plaintiff was then paid 20%[1] of the amount credited to his account in the Trust, $60,168.35. In April 1967, approximately ten months after plaintiff's resignation, defendant received a letter from plaintiff's attorney which expressed the opinion that plaintiff on the date of the termination of his employment on July 1, 1966, based on the permanently disability provisions of the Trust, was entitled to 100% of the amount credited to him on that date. Defendant was requested to pay the balance or give an explanation of why plaintiff was not entitled to full payment. Thereafter both plaintiff and defendant requested certifications from Dr. Erickson concerning plaintiff's state of health and disability at the time of his examination in June 1966. In substance, plaintiff requested a letter certification that he "was mentally and physically disabled so that he was no longer capable of rendering satisfactory service to Marion Laboratories, Inc." Defendant requested a letter certification to the contrary, i. e., that plaintiff was not so disabled.[2] Dr. Erickson, under date of June 22, 1967, certified that plaintiff was permanently disabled in so far as rendering satisfactory service to Marion Laboratories, Inc. was concerned. Neither party requested that plaintiff submit to any other examination by any physician in connection with the matter of his disability. Defendant refused to make any further payment to plaintiff under the Trust. Plaintiff then brought this action charging that defendant breached its contractual obligation to plaintiff in failing to acknowledge the acceptability of Dr. Erickson's conclusions as to plaintiff's disability and defendant thereby caused the Trust to pay plaintiff only on the basis of a voluntary termination without regard to plaintiff's permanent disability.

■ Initially, appellant contends that the judgment for defendant should be reversed and judgment entered for the plaintiff for the reason that the issue of plaintiff's disability, which was submitted to Dr. Erickson, was in the nature of an arbitration proceeding and that the arbitrator's (Dr. Erickson's) award for plaintiff was final, conclusive and not subject to judicial review as there was no issue of fraud or wrongdoing. The difficulty with plaintiff's claim of arbitration and award is that it was raised for the first time in his brief on this appeal. We have searched the pleadings, the pretrial orders, the complete trial record, including the jury instructions, the post trial motions, and

1. Based on years of service.

2. Defendant's letter request was dated May 4, 1967 and in part reads as follows: "Dear Dr. Erickson: You examined Mr. Don Ludwig for Marion Laboratories on June 21, 22, 24, and 25, 1966, in reference to his desire to discontinue travel in his job. You stated in your letter of June 30, 1966, 'Mr. Ludwig does not have a 'flying phobia', hence the matter of his flying is not a therapeutic problem.'

Shortly after returning to Kansas City, Mr. Ludwig resigned and a question has now arisen concerning possible disability. We would appreciate receiving a supplement to your letter of June 30, 1966, confirming your diagnosis in the following manner: 'This is to advise that at the time I examined Mr. Ludwig, he was not, in my opinion, under any physical or mental disability which would in any way, render him incapable of rendering satisfactory services to your company.' "

nowhere do we find that plaintiff raised any question of arbitration and award.

In National Compressor Corporation v. Carrow, 417 F.2d 97, 103 (CA8 1969), we said: "Ordinarily issues not properly presented or raised in the trial court cannot be considered upon appeal. Ralston Purina Co. v. Parsons Feed & Farm Supply, 8 Cir., 364 F.2d 57, 59, 60; Ford v. Boeger, 8 Cir., 362 F.2d 999, 1006, 1007." On appeal the appellant must adhere to the theory upon which the case was tried below. This Court will refuse to consider a question which is raised for the first time on appeal and which was never presented to, or passed upon by the trial court. Gilby v. Travelers Insurance Company, 248 F.2d 794, 797 (CA8 1957); Green v. Dingman, 234 F.2d 547, 550 (CA8 1956).

Plaintiff claimed and presented his evidence upon the theory that defendant failed to properly certify to the trustees of the Trust the acceptability of Dr. Erickson for purposes of certifying the disability of plaintiff and that such failure constituted a breach of defendant's contractual obligation to plaintiff. We recognize that there need not be an express agreement to arbitrate. Under certain circumstances it may be inferred that the parties impliedly agreed to arbitrate. Masonic Temple Association of St. Louis v. Farrar, 422 S.W.2d 95, 112–113 (Mo.App.1967). Had plaintiff so contended defendant would have had an opportunity to meet this issue and the trial court could have made appropriate rulings with respect thereto. We cannot now re-try this lawsuit upon a theory not presented below and we will not do so.[3]

Appellant next contends that the trial court erred in entering judgment for defendant on the general verdict in its favor when controlling facts found in answers to interrogatories were contrary to the general verdict and thus compelled a verdict for plaintiff as a matter of law under Rule 49(b), Fed.R.Civ. Proc. Plaintiff first raised this issue in his motion to alter or amend verdict or in the alternative for a new trial filed approximately nine days after the jury returned its verdict and judgment was entered thereon.

The applicable provision of the Trust provided that plaintiff was entitled to have distributed to him his share in the trust "on the date on which the Trustees are in receipt of a certification by a physician acceptable to the Company that the participant is under such physical or mental disability that he is no longer capable of rendering satisfactory service to the Company." The Court submitted general verdict forms to the jury providing for a verdict in favor of the plaintiff or in the alternative in favor of the defendant, plus ten interrogatories to be answered by the jury. The jury found in favor of the defendant on the general verdict. Consistent therewith the jury found under interrogatories No. 1 and No. 7 that Dr. Erickson was not acceptable to the defendant for the purposes of certifying plaintiff's claimed mental or physical ability as required by the Trust. Plaintiff-appellant contends "That was not a legitimate issue and should not have been submitted to the jury at all, and if it were entitled to be submitted there should have been an explanation that defendant was under duty to act reasonably and in good faith instead of at will without any valid reason or limitation."[4] The difficulty with appellant's present objection is that he failed to make timely objection to the form of the instructions when afforded the opportunity to do so prior to their submission to the jury. See Rule 51,

---

3. We do not infer that the evidence presented would support a finding that Dr. Erickson was selected, designated, or accepted, as an arbitrator. Indeed, as will later be discussed, the jury found that Dr. Erickson was not acceptable to defendant for the purpose of certifying plaintiff's claimed disability as required by the Trust plan.

4. Appellant's brief p. 55.

Fed.R.Civ.Proc.; Cone v. Beneficial Standard Life Ins. Co., 388 F.2d 456, 461–462 (CA8 1968). We note further that the trial court instructed the jury as follows:

> You are instructed that the phrase 'a physician' as used in the Marion Laboratories, Inc. Employees' Profit Sharing Trust Plan may refer to one or more physicians as determined by the defendant in its good faith discretion in reasonably interpreting the provisions of the Trust Plan.

The issue of "acceptability" was framed by the pleadings, pre-trial order No. 2, the proof, plaintiff's requested instructions and the Court's final instructions to the jury, to which plaintiff took no exception. It was properly submitted to the jury and it would have been error to rule thereon as a matter of law.

Appellant next contends that the answers to the above mentioned interrogatories No. 1 and No. 7 were not consistent with the answers to the other interrogatories and the general verdict. He emphasizes, for instance, that the jury found in No. 8 that Dr. Erickson was authorized by defendant Company to certify as to whether or not plaintiff was disabled as required by the Trust and that such authorization was given on or after May 4, 1967; further, under No. 5 that Dr. Erickson was selected by the defendant to make such certification.

■ No useful purpose would be served by setting out in detail the answers to each and all the interrogatories. They were all read in open court and members of the jury were polled with respect to their answers. The record discloses that immediately thereafter there was a discussion off the record by the Court and counsel, and the jury was then discharged. Plaintiff did not object to the answers given to any of the interrogatories prior to discharge of the jury, neither did he request that the jury be returned to the jury room to reconsider its general verdict or the answers to the interrogatories. Under these circumstances plaintiff waived any

right to now claim any inconsistency in the answers or with the general verdict. Cundiff v. Washburn, 393 F.2d 505 (CA7 1968); Employers Casualty Company v. Dupaquier, 338 F.2d 336 (CA5 1964); Tennessee Consolidated Coal Co. v. United Mine Workers of America, 416 F.2d 1192, 1200, 1201 (CA6 1969); Kirkendoll v. Neustrom, 379 F.2d 694, 698, 699 (CA10 1967); Compare Cone, supra, 388 F.2d at 460. The trial court should have been given the opportunity to correct error, if any existed, by resubmitting the matter to the jury. Cundiff, supra.

■ Notwithstanding our view that appellant waived any objection to the verdict on grounds of inconsistency in the answers to the interrogatories or with the general verdict, we consider the merits of his claim in this regard. The trial court in denying plaintiff's motion to amend or alter verdict or in the alternative for new trial found there was no inconsistency. It is the duty of the courts to harmonize the answers to interrogatories if it is possible under a fair reading of them. Gallick v. Baltimore & Ohio R. Co., 372 U.S. 108, 119, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963). A general verdict and special findings should be harmonized if possible. Kirkendoll, supra, 379 F.2d at page 699; Theurer v. Holland Furnace Co., 124 F.2d 494 (CA10 1941). See 5A Moore's Federal Practice ¶ 49.04 (1971).

In denying plaintiff's post trial motions the trial court found as follows:

> Viewed in the light of the evidence in the case the answers to the interrogatories are responsive to the substantive evidence, are consistent with each other and with the general verdict and are in full accordance with the credible evidence in the case.

After full consideration of the record we are not prepared to say the trial court's findings and conclusions are erroneous. The jury's finding in answer to interrogatory No. 8 that defendant *authorized* Dr. Erickson to certify as to plaintiff's disability on or after May 4, 1967,

standing alone, does not foreclose its finding under interrogatory No. 7 that Dr. Erickson was not acceptable to the defendant for the purpose of certifying disability under the Trust. It might well be argued that the jury's finding as to "authorization" under No. 8 was based on the defendant's letter of May 4, 1967, which merely requested confirmation of a previous diagnosis of non-disability.[5] There is evidence in the record from which the jury might well conclude that plaintiff was sent to Dr. Erickson for treatment in June 1966 and that the defendant after receiving his report concluded that the Doctor found he was not suffering from any disability. We cannot say on this record that the jury's answers to the interrogatories were irreconcilable or contrary to the general verdict.

The judgment of the trial court is affirmed in all respects.