Douglas J. KANALY, Patrick S. Konechne, Dennis Lihs, Robert McBride, Donald Van Cleave and Joseph W. Wolf, Plaintiffs and Appellees,

v.

STATE of South Dakota, By and Through its Governor, William J. JANKLOW, and its Attorney General, Mark Meierhenry, the South Dakota Board of Regents, the Board of Charities and Corrections and John J. Gerken, Commissioner of School and Public Lands, Defendants and Appellees,

and

Ethel Hagen, Executrix of the Estate of Oscar William Hagen, Intervenor and Appellant,

and

Robert R. Weber and Raymond Martinmaas, Intervenors.

No. 15249.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1987.

Decided March 25, 1987.

Rehearing Denied April 30, 1987.

See also, S.D., 401 N.W.2d 551.

**34**

John W. Bastian, Asst. Atty. Gen., Pierre, Grant Gormley, Chief Deputy Atty. Gen., Pierre, for defendants and appellees; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Charles Lacey, Sioux Falls, for intervenor and appellant.

PER CURIAM.

This is an appeal from an order dismissing intervenor Ethel Hagen's second amended complaint. We affirm.

The complaint in intervention, as amended, seeks to revisit the constitutionality and propriety of Chapter 138 of the 1984 South Dakota Session Laws (S.B. 221). Senate Bill 221 converted the campus of the University of South Dakota, Springfield, from an educational institution into a minimum security prison and transferred control of the Springfield prison to the Board of Charities and Corrections.

In *Kanaly v. State*, 368 N.W.2d 819 (S.D. 1985) (*Kanaly* I), this court dealt with the constitutionality of S.B. 221. In *Kanaly* I, we concluded that S.B. 221 would not violate Article VIII, § 7 of the South Dakota Constitution so long as the legislature reimbursed the perpetual trust fund provided for in § 7 for the full value of the property and interest transferred to the Board of Charities and Corrections. This has been done. Intervenor now suggests that S.B. 221 violates Article VIII, § 8 of the South Dakota Constitution. However, § 8 of the Constitution is simply a companion section to § 7. Therefore, because of our decision in *Kanaly* I, there is not now any constitutional question remaining with regard to § 8.

■ Intervenor next contends that the Springfield campus became a dedicated educational institution on its acquisition and could be utilized for no other purpose. Intervenor relies primarily upon *Patrick v. Blake*, 70 S.D. 494, 19 N.W.2d 220 (1945). In *Patrick*, this court ruled that when a private citizen dedicates his property for a public use and the state accepts the grant, the property can be used only for the purpose to which it has been dedicated. 70 S.D. at 501, 19 N.W.2d at 223. The present case is easily distinguished from *Patrick*, however. Here, the warranty deed from John A. Burbank by which the state acquired the land for the Springfield campus contained no restriction or reversionary clause such as that present in the deed involved in *Patrick*. 70 S.D. at 497–498, 19 N.W.2d at 222. Accordingly, we reject Intervenor's contention.

■ Finally, Intervenor claims that S.B. 221 violated the due process clauses of the state and federal constitutions. These claims are unsupported by any relevant authority and are contrary to law and fact. The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is thereby deemed waived. *Kelley v. Kirk*, 391 N.W.2d 652 (S.D.1986); *Corbly v. Matheson*, 335 N.W.2d 347 (S.D.1983).

We again reaffirm the disposition of the constitutional claims made with respect to S.B. 221 and affirm the trial court's order dismissing Intervenor's second amended complaint.

HEEGE, Circuit Judge, for MILLER, J., disqualified.