Donald MIELITZ, Plaintiff
and Appellee,

v.

Lawrence SCHMIEG, Individually and
Lawrence Schmieg and Clarence
Schmieg dba A Partnership, Defen-
dants and Third Party Plaintiffs and
Appellees,

v.

Richard R. MIELITZ, Third Party
Defendant and Appellant.

Nos. 16767, 16773.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1990.

Decided Oct. 24, 1990.

Rehearing Denied Nov. 30, 1990.

T.F. Martin, McCann, Martin & McCann,
P.C., Brookings, for third party defendant
and appellant.

William E. Coester, Milbank, for defen-
dants and third party plaintiffs and appel-
lees.

J. Douglas Austin, Austin, Hinderaker,
Hackett & Hopper, Watertown, for Donald
Mielitz plaintiff and appellee.

HENDERSON, Justice.

PROCEDURAL HISTORY/ISSUES

A farm truck belonging to Donald Mielitz
(Mielitz) was struck by a tractor driven by

Lawrence Schmieg (Schmieg). At the time of the collision, the truck was operated by Mielitz' son, Richard Mielitz (Richard). Mielitz subsequently brought suit against Schmieg for property damage to his vehicle. Schmieg brought Richard into the lawsuit as a third-party defendant. The case was tried to a jury on May 11 and 12, 1989. On May 12, 1989, around midnight, the jury returned its verdicts for Mielitz in the amount of $9,427.[1] The jury was subsequently polled and discharged.

Special interrogatories were submitted to the jury but not read that evening. Further, the jury was not questioned regarding the special interrogatories by anyone prior to discharge of the jury.

Subsequently, when the special interrogatories were reviewed by the court and counsel, they were found to be consistent with each other. However, Verdict No. 4 pertaining to a 25% contribution by Richard was clearly opposite to the special interrogatories answered by the jury. The special interrogatories indicated that Richard was 75% at fault while Schmieg was 25% at fault.

On May 23, 1989, Schmieg moved the court to change the verdict to conform with the special interrogatories. Richard filed a motion for a new trial. On May 26, 1989, the court entered its second judgment, which essentially changed the percentage of Richard's contribution to Schmieg from 25% to 75%. The court then entered judgment in favor of Schmieg and against Richard for $75 plus pre-judgment interest. Also, because Schmieg had made payment to Mielitz in the sum of $6,155.08 (which is double the amount owed by Schmieg to Mielitz) the court entered judgment against Richard in favor of Schmieg in the amount of $3,077.54. Richard paid the $75 portion but refuses to pay the $3,077.54 portion of the judgment. On appeal, Richard raises two issues:

(1) Did the trial court err in entering an amended final judgment, where the jury verdict was inconsistent with the special interrogatories?

(2) Did the trial court err in denying his motion for a new trial?

—Holding—

Reversed. Due to our decision on issue one, we do not address the second argument. Mielitz has filed a notice of review but has failed to academically argue it in his brief. The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is thereby deemed waived. *Kanaly v. State ex rel. Janklow,* 403 N.W.2d 33 (1987).

## FACTS

Mielitz owned a farm truck which was involved in a country road accident with a farm tractor owned by Schmieg. Mielitz's truck was driven by his son Richard who had borrowed the truck to haul his grain to a bin for storage. A minor collision occurred between the two vehicles in which the dust cap on the hub of the front wheel of Mielitz's truck was dented and the rim of the left front wheel on the Schmieg tractor was broken. As a result of the collision, which occurred when Richard was attempting to pass Schmieg, Richard's truck was pushed onto the shoulder of the road. When Richard attempted to pull it back onto the road, the truck overturned and sustained major damage.

## DECISION

I. *The trial court abused its discretion in entering an amended final judgment when ordering a new trial was more appropriate.*

As we begin our analysis, we initially note that this is a case of first impression.

---

1. The entire verdict was:

Verdict #1  A verdict for Mielitz against Schmieg in the amount of $9,427.00.

Verdict #2  A verdict against Richard in favor of Schmieg for $75.00 for damage to Schmieg's tractor tire.

Verdict #3  A verdict totally against Richard on his counterclaim.

Verdict #4  A verdict for contribution from Richard to Schmieg in the amount of 25% of the damages awarded Donald.

Richard's attorney was not in court when the jury verdicts were returned.

When the answers to special interrogatories are consistent with each other, but inconsistent with the general verdict, the inconsistency is governed by SDCL 15–6–49(b), which is the equivalent of Rule 49(b) Fed.R.Civ.P. The trial court has three options under SDCL 15–6–49(b): 1) judgment may be entered pursuant to SDCL 15–6–58 in accordance with answers to the special interrogatories and contrary to the general verdict; or 2) the court may return the jury for further consideration of its answers and verdict; or 3) the trial court may order a new trial.

■ Initially, Richard contends that Schmieg waived his right to complain about the inconsistencies between the verdict and the special interrogatories. According to Richard, Schmieg should have objected and asked that the jury resume its deliberations in order to rectify the inconsistency before the jury was discharged.

In support of his contention, Richard relies on cases that were decided under Rule 49(b), Fed.R.Civ.P. and involved general verdicts which were inconsistent with answers to one or more interrogatories. *Fernandez v. Chardon*, 681 F.2d 42 (1st Cir. 1982), affirmed on other grounds sub nom.; *Barnes v. Brown*, 430 F.2d 578 (7th Cir. 1970); *Ludwig v. Marion Laboratories, Inc.*, 465 F.2d 114 (8th Cir.1972); *Cundiff v. Washburn*, 393 F.2d 505 (7th Cir.1968). Although not uniformly the ruling, several circuits have held that Rule 49(b) allows a party to waive any objections to the alleged inconsistency between the interrogatories and the general verdict (or in the interrogatories themselves) by failing to raise them before the jury is discharged. *See, e.g., Strauss v. Stratojac Corp.*, 810 F.2d 679 (7th Cir.1987) (and cases cited therein). Other circuits have handled this question quite differently. *Los Angeles Nut House v. Holiday Hardware Corp.*, 825 F.2d 1351 (9th Cir.1987); *Schaafsma v. Morin Vermont Corp.*, 802 F.2d 629 (2nd Cir.1986). *See also* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2513 at 527–28 (1971).

In all the above-mentioned cases, the interrogatories were read in open court after the verdict, allowing for a discussion between the court and counsel before the discharge of the jury. In this case, by contrast, the interrogatories were not read to the parties or to the court after the verdicts and before discharge of the jury. Hence, the parties were not aware of the inconsistencies until after discharge of the jury, when the court and counsel reviewed the interrogatories. Consequently, we do not have the compulsion of a strict procedural rule to determine the outcome of this issue.

As noted earlier, several different circuits have addressed the question of waiver, although in different factual contexts from that in the case before us. In *Cundiff, supra*, the judge expressly noted the discrepancy in the jury's results and asked counsel whether either wanted the jury to reconsider its answers; counsel replied in the negative. Hence, in *Cundiff*, the court held that the appellant waived any objection to the verdict on grounds of inconsistency with the special finding by failing to move the resubmission of the verdict and finding to the jury. In *Barnes, supra*, the parties failed to object to an inconsistency between the general verdict and special findings, whereupon the trial judge entered judgment in the manner provided for by the Rule 49(b), i.e., in conformity with the special findings. The failure of the parties to raise the inconsistency before the jury's dismissal did not result in a waiver of the provisions of 49(b) but rather its enforcement according to its terms.

We like the reasoning of the Ninth Circuit in *Nut House, supra*. They are of the position that a waiver rule is inconsistent with the language and structure of Rule 49(b) because it presupposes that there might be a right to further deliberation or a new trial if timely objection was made:

> The problem with the waiver theory ... is that it would produce a result directly contrary to the rule (49(b)) and permit the wrong party—the one favored by the jury's general verdict—to obtain a judge-

ment.[2] That is not a sensible reading of Rule 49(b).

■ Having said as much, we do not believe the waiver rule should be applied in this case. However, we note that it is preferable for a party to raise this issue prior to discharge of the jury. Thus, the trial judge will not be deprived of the opportunity to send the question back to the jury for further consideration of its answers and verdict. This is important because SDCL 15–6–49(b) clearly contemplates discovery of the inconsistency before the jury is discharged.

Further, Richard argues that a new trial should have been granted because of the inconsistencies between the verdict and the special interrogatories and because of the insufficiency of the evidence to justify the verdict.

Once again, under SDCL 15–6–49(b) a trial court, upon discovering an inconsistency between a general verdict and the special interrogatories, can attempt to have the inconsistency remedied in any of three ways: 1) judgment may be entered pursuant to SDCL 15–6–58 in accordance with the answers to the special interrogatories and contrary to the general verdict, *or* 2) the court may return the jury for further consideration of its answers and verdict, *or* 3) the trial court may order a new trial. Ordinarily, it is discretionary with the court as to which of these alternatives is pursued. SDCL 15–6–49(b).

■ In the present case, the trial court entered judgment in accordance with the answers to the special interrogatories and contrary to the general verdict stating:

> The verdict will be conformed to the interrogatories. I think it is clear what the jury meant in this case, and I think it will be unfair and unjust to let Verdict No. 8 stand. ·

A determination that special findings prevail over a general verdict must be carefully applied so as not to invade the province of the jury. *Julien J. Studley, Inc. v. Gulf*

*Oil Corp.*, 407 F.2d 521, 526–527 (2nd Cir. 1969). Here, the jurors deliberated at length and the answer to the special interrogatories were completely inconsistent with the general verdict. There is no question but that there was confusion in the minds of the jurors. Thus, we are unable to find any sound reasoning for the trial court's decision in favor of entering the special interrogatories as the judgment. Under these circumstances, the more appropriate disposition of this issue is to order a new trial.

Due to our determination on this issue, we find it unnecessary to determine whether the evidence introduced at trial otherwise supports the jury's verdict.

The judgment is reversed and remanded with instructions to grant a new trial.

MILLER, C.J., and MORGAN, J., concur.

WUEST and SABERS, JJ., dissent.

WUEST, Justice (dissenting).

I agree with everything in the majority opinion except the result. In my opinion the trial court did not abuse its discretion when it followed the first alternative provided by SDCL 15–6–49(b), that is, entering judgment pursuant to SDCL 15–6–58 in accordance with the answers to the special interrogatories and contrary to the general verdict.

SABERS, Justice (dissenting).

I dissent.

The trial court properly applied SDCL 15–6–49(b) by conforming the mistaken verdict to the correct and consistent answers to special interrogatories. In doing so, the trial court stated:

> The verdict will be conformed to the interrogatories. I think it is clear what the jury meant in this case, and I think it will be unfair and unjust to let Verdict No. 8[1] stand.

---

**2.** Rule 49(b) does not permit the court to enter judgment on the general verdict in preference to the answer to the written interrogatory. Id. at 1356.

**1.** Referred to in the text and in footnote 1 of the majority opinion as Verdict # 4.

Contrary to the majority, this is exactly what is contemplated by SDCL 15-6-49(b), which provides in part:

> ... When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to § 15-6-58 in accordance *with the answers,* notwithstanding the general verdict ... (Emphasis added.)

Here, the answers were consistent with each other and inconsistent only with Verdict No. 8, so this part of the statute controls. The consistency of the answers makes it clear that Richard was 75% at fault and Schmieg was 25% at fault. The answers were not only consistent with themselves but consistent with all of the verdicts except Verdict No. 8, where the percentage of fault was obviously and incorrectly transposed. Therefore, the trial court properly corrected the errant verdict as permitted by the statute.

The majority opinion wholly fails to pinpoint where the trial court abused its discretion. In fact, the majority opinion refrains from using the "abuse of discretion" standard or language, even though it concedes at page 766 that "[o]rdinarily, it is discretionary with the court as to which of these alternatives is pursued." The majority then fails to point out why this situation is EXTRAordinary. If this opinion prevails, it will have created a new standard of review—the "more appropriate" standard.

In my view, it is a waste of time and effort to remand for a new trial when the trial court properly complied with the statute. Therefore, we should affirm in all respects.[2]

---

**2.** In doing so, we need not inquire into the question of whether Richard is collaterally estopped to deny his 75% fault by virtue of the fact that he paid the $75.00 of the $100.00 total damages sustained by Schmieg.