Myron F. SKILLIN, Plaintiff, Appellee

v.

Earle W. KIMBALL, etc., et al.,
Defendants, Appellees,

Therm'x Corporation, Defendant,
Appellant.

No. 80–1269.

United States Court of Appeals,
First Circuit.

Argued Jan. 5, 1981.

Decided Feb. 4, 1981.

E. Donald Dufresne, Manchester, N. H.,
with whom Andrew D. Dunn and Devine,
Millimet, Stahl & Branch, Manchester, N.
H., were on brief, for appellant.

Fredric A. Swartz, Boston, Mass., with
whom Edward M. Swartz, Alan L. Cantor,
and Swartz & Swartz, Boston, Mass., were
on brief, for appellee Myron F. Skillin.

Before COFFIN, Chief Judge, MARKEY,
Judge,* BREYER, Circuit Judge.

COFFIN, Chief Judge.

The losing defendant in this diversity
products liability suit claims three errors at
trial: inconsistent special findings by the
jury, admission of evidence of subsequent
remedial conduct, and the jury's award of
the full amount of damages requested. We
affirm.

Plaintiff-appellee was injured on October
25, 1972 when his propane gas heater
caused an explosion. He sued the French
manufacturer, Societe Lyonnaise des Appli-
cations Catalytiques; the American import-
er and distributor, appellant Therm'x; the
Canadian importer and distributor, R. D.
Hayes, Ltd.; and the New Hampshire re-
tailer, Earle W. Kimball. The district court
tried the case against the latter three par-
ties after the French manufacturer default-
ed. The jury found against appellant on
both negligence and strict liability theories,
but exonerated both Hayes and Kimball.

Appellant first complains that special
findings by the jury are inconsistent with
each other. We do not reach the merits of
this issue since appellant did not seek to
have the matter resubmitted to the jury.
Prior to the jury's deliberation, counsel for
appellant noted for the record "that the
questions being submitted to the jury, to-
day, the special questions were agreed upon
by all counsel." Appellant thus was on
notice that the special procedures of Rule
49—with their known potential for incon-
sistency—were to be the order of the day.
With this notice should have come the
knowledge that the only efficient time to
cure these possible problems of inconsisten-
cy would be after the jury announced the
results of its deliberations and before it was

---

* Of the U.S. Court of Customs and Patent Ap-
peals, sitting by designation.

excused. Although appellant's counsel in this case did remark at this time that he thought the jury's work was inconsistent, he did not pursue any relief. To allow a new trial after the objecting party failed to seek a proper remedy at the only possible time would undermine the incentives for efficient trial procedure and would allow the possible misuse of Rule 49 procedures— no evidence of which do we detect in this case—by parties anxious to implant a ground for appeal should the jury's opinion prove distasteful to them. We therefore decline to consider this element of appellant's appeal.[1] *See Ludwig v. Marion Laboratories, Inc.,* 465 F.2d 114, 118 (8th Cir. 1972); *Barnes v. Brown,* 430 F.2d 578, 580 (7th Cir. 1970); *Cundiff v. Washburn,* 393 F.2d 505, 507 (7th Cir. 1968).

[The remainder of this opinion is excluded from publication.]

*Affirmed.*

---

1. In so disposing of this claim, we do not reach appellee's points that appellant waived its complaint about inconsistent verdicts both when it failed to object to the judge's instruction that the jury could find against one or more defendants and when it acquiesced in the special question form on which the jury was asked to make separate determinations as to the liability of each defendant. Although inconsistency may be less foreseeable in other types of cases, we do note that there is an obvious potential for this type of problem when strict liability issues involving multiple defendants are submitted to a jury in the context of instructions and forms that sanction individual rather than group determinations.