878 F.2d 144
 14 Fed.R.Serv.3d 380
 Maurice WHITE; Gladys White; Clifton Hood; John Wilfer;
Joan Wilfer; Ernest; Grace Petticrew; Frederick
Paff; Gloria Paff; Harry Vaughn,
Plaintiffs-Appellants,
v.
CELOTEX CORPORATION; GAF Corporation; Keene Corporation,
Defendants-Appellees,
and
Johns-Manville Corporation; Johns-Manville Sales
Corporation; Johns-Manville Products Corporation;
Owens-Illinois Glass Company; Unarco Industries, Inc.;
Eagle-Picher Industries, Inc.; Armstrong Cork Company;
Nicolet Industries, Defendants.
 No. 87-2196.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 6, 1988.
Decided June 21, 1989.
 
 Antonio Douglas Pyle (Henderson & Goldberg, P.C., James J. Fabian, Pfeifer & Fabian, on brief), for plaintiffs-appellants.
 F. Ford Loker (Andrew M. McDonald (Whiteford, Taylor & Preston, on brief), for defendants-appellees.
 Before RUSSELL, HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a consolidated appeal by six insulation workers and their wives from a judgment of the district court in favor of the appellees, manufacturers and suppliers of asbestos-containing insulation products. After the jury was dismissed, appellants moved for a new trial on the grounds that the jury's response to the interrogatories submitted to it was inconsistent, illogical, and against the weight of evidence presented at trial. The district court denied the motion on the ground that such motion was not timely made and was therefore barred from consideration by Fed.R.Civ.P. 49(b). We affirm.
 
 I.
 
 2
 Appellants are a group of insulation workers and their wives ("workers") who were employed as asbestos insulators for various companies in and around Baltimore, Maryland. Appellants brought these personal injury claims against both manufacturers and suppliers of asbestos-containing insulation products ("manufacturers"). The workers asserted that manufacturers, Celotex, GAF and Keene, were liable in negligence and in strict liability for placing defective and unreasonably dangerous products into the stream of commerce. These claims of the several workers were consolidated for trial.
 
 
 3
 At trial, the workers presented a number of expert medical witnesses who testified about the various medical conditions each suffered as a result of exposure to asbestos fibers. In order to demonstrate that such asbestos-related disease caused the workers no compensable harm, the manufacturers presented credible medical experts who demonstrated how other factors such as cigarette smoke, cardiovascular disease, lack of exercise and obesity could reasonably have caused the workers' physical condition.
 
 
 4
 The cases were submitted to the jury on special interrogatories, prepared and agreed upon by counsel for the litigants, pursuant to Fed.R.Civ.P. 49(b). The jury considered each of the worker's cases individually, although the submitted interrogatories in each case were identical. The response by the jury to the submitted interrogatories was the same for each worker:
 
 
 5
 (1) Does the plaintiff presently have a condition that was caused by inhalation of asbestos fibres from insulation products? A: Yes.[1]
 
 
 6
 (2) Has the plaintiff been physically harmed by this condition? A: Yes.
 
 
 7
 (3) Has the plaintiff incurred any damages which were proximately caused as a result of the harm? A: No.
 
 
 8
 After the reading of the responses of the jury to the three interrogatories, the following colloquy between the district judge and counsel for the various parties took place:
 
 
 9
 JUDGE HOWARD: Any requests from the plaintiff?
 
 
 10
 MR. PYLE: [workers' counsel]: No, Your Honor.
 
 
 11
 THE COURT: Harken the verdict.
 
 
 12
 THE CLERK: Members of the jury harken to your verdict as the Court hath recorded it as to all plaintiffs, the written interrogatories and answers thereto having been read by the clerk and answered by your foreman, and so you say all? The jury finds in favor of the defendants against the plaintiffs.
 
 
 13
 THE COURT: Gentlemen, anything I should tell the jury before I make my comments?
 
 
 14
 MR. LOKER [manufacturers' counsel]: No, sir, I don't believe there is.
 
 
 15
 MR. PYLE: No, sir.
 
 
 16
 MR. PARKS [manufacturers' counsel]: No, sir. We thank you, Your Honor.
 
 
 17
 The jury was then discharged and judgment was entered for the manufacturers on July 27, 1984 without objection by counsel for the workers. Subsequently, on July 27, 1984, counsel for the workers filed a written motion for a new trial asserting that the jury's verdict should be set aside because of inconsistencies in the responses to the interrogatories. More specifically, the workers contend that the jury's answer to the third interrogatory was so inconsistent with the answers to interrogatories one and two as to render the verdict completely illogical.
 
 
 18
 Following a full hearing, in which the issue was briefed and argued, the district judge, relying on Rule 49(b), denied the workers' motion for failure to file a timely objection to the jury's verdict. This appeal followed.
 
 II.
 
 19
 The workers here argue that the trial court committed error in failing to grant their motion for a new trial. The manufacturers respond that such a motion was not timely filed under Fed.R.Civ.P. 49(b) or, in the alternative, that even if such a motion were timely filed, the jury's interrogatory answers were consistent, logical, and well supported by the evidence.
 
 
 20
 With regard to a general jury verdict, Rule 49(b) states in relevant part that:
 
 
 21
 When the answers [to interrogatories] are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial.
 
 
 22
 Inherent in such language is the imposition of an obligation upon trial counsel to object to any asserted inconsistencies in the response to jury interrogatories prior to the discharge of the jury. Fernandez v. Chardon, 681 F.2d 42, 58 (1st Cir.1982), Merchant v. Ruhle, 740 F.2d 86, 89 (1st Cir.1984).
 
 
 23
 Proper respect for the Rule mandates that failure to bring any purported inconsistencies in the jury's verdict to the attention of the court prior to the release of the jury will constitute a waiver of a party's right to seek a new trial. This conclusion accords with the application of the Rule adopted in the majority of the circuits which have considered this issue.[2] See e.g., Strauss v. Stratojac Corp., 810 F.2d 679 (7th Cir.1987); Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd., 791 F.2d 1416 (10th Cir.), cert. denied, 479 U.S. 1007, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986); Fernandez v. Chardon, 681 F.2d 42 (1st Cir.1982), aff'd, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983); Stancill v. McKenzie Tank Lines, Inc., 497 F.2d 529 (5th Cir.1974); Ludwig v. Marion Laboratories, Inc., 465 F.2d 114 (8th Cir.1972); 5A Moore's Federal Practice p 49.04, pp. 49-62 (1988), but see, Schaafsma v. Morin Vermont Corp., 802 F.2d 629, 635 (2d Cir.1986); Los Angeles Nut House v. Holiday Hardware Corp., 825 F.2d 1351 (9th Cir.1987); 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2513 at 527-28 (1971).
 
 
 24
 The purpose of such a Rule is plain, to promote the efficiency of trials by allowing the original deliberating body to reconcile inconsistencies without the need for another presentation of the evidence to a new body. Skillin v. Kimball, 643 F.2d 19, 20 (1st Cir.1981). In the case at bar, counsel for the workers waited until after the jury was excused before raising a claim of inconsistency. Counsel now argues that the workers' motion for a new trial reclaimed their right to appeal as to an alleged inconsistency with a general verdict under Rule 49(b). This is simply an attempt by counsel to make an end run around the plain meaning of the Rule. The workers' construction of Rule 49(b) "eliminates the rule's incentives for efficient trial procedure and opens the door to the possible misuse of the rule's procedures by parties anxious to circumvent an unsatisfactory jury verdict by procuring a new trial." United States Football League v. National Football League, 644 F.Supp. 1040, 1049 n. 8 (S.D.N.Y.1986), aff'd 842 F.2d 1335 (2d Cir.1988); Skillin v. Kimball, 643 F.2d at 20.
 
 III.
 
 25
 In summary, we hold that timely objection under Rule 49(b) was a prerequisite to the grant of a new trial. Counsel for the workers did not timely object, accordingly the judgment of the district court is
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 Upon motion of the workers at the close of their case the court ordered that the interrogatory be answered in the affirmative by the jury
 
 
 [2]
 In Ladnier v. Murray, 769 F.2d 195, 198 n. 3 (4th Cir.1985), we stated that the legal error resulting from entry of judgment based on inconsistent answers to Rule 49 interrogatories may be an error of constitutional magnitude, infringing upon a litigant's Seventh Amendment right to a trial by jury by allowing the district court to usurp the jury's function. Ladnier, however, concerned the application of Rule 49(a) rather than Rule 49(b)