978 F.2d 1253
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
James KELLY, Plaintiff, Appellant,
v.
SEARS, ROEBUCK AND CO., Defendant, Appellee.
 No. 92-1406.
 United States Court of Appeals,
First Circuit.
 October 23, 1992
 
 Appeal From the United States District Court for the District of Massachusetts
 Cynthia Mead, with whom Albert E. Grady and Office of Albert E. Grady, were on brief for appellant.
 Terrance J. Hamilton, with whom Casner & Edwards, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Circuit Judge, Coffin, Senior Circuit Judge, and Boudin, Circuit Judge.
 Per Curiam.
 
 
 1
 In this products liability action, a jury rendered a verdict holding that the defendant's negligence and breach of warranty were not a proximate cause of plaintiff's injuries. The district court entered judgment for the defendants and plaintiff appealed claiming that he was entitled to a new trial on two grounds. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 * On January 5, 1989, James Kelly was using a Sears Craftsman 10" table saw to cut up scrap wood. While cutting a six foot length of pine wood, his left hand came into contact with the unguarded blade, resulting in the partial amputation of his little finger and lacerations and fractures to his ring and middle fingers.
 
 
 3
 The table saw was designed and manufactured with a blade guard. However, the blade guard and related safety features in this particular saw were removed and had not been used for several years prior to the accident. In addition, the owner's manual-which included specific warnings regarding the use of the saw-was misplaced at the time of the accident. The saw itself, however, contained other pertinent warnings.
 
 
 4
 Plaintiff Kelly sued defendant Sears, Roebuck and Company ("Sears") alleging that Sears' table saw was defective and had caused plaintiff to sustain injuries in his left hand. The case went to trial on July 22, 1991 and on July 30, 1991, the jury returned a special verdict finding that (1) Sears did not breach its warranty of design; (2) Sears was negligent with respect to the design of the table saw; (3) Sears breached its warranty as it pertains to the lack of warning on the removable guard assembly; and (4) Sears was negligent by not placing warnings on the removable guard assembly. The jury, however, found that any negligence or breach of warranty on the part of Sears was not a proximate cause of plaintiff's injuries. The district court entered judgment for Sears and discharged the jury.
 
 II
 
 5
 Plaintiff's principal argument on appeal is the alleged inconsistency of the jury verdict. Plaintiff asserts that (1) the jury's finding that Sears did not breach its warranty of design is inconsistent with its finding of negligence in design, and (2) the determination that Sears was negligent and breached its warranty with respect to warnings is inconsistent with the finding that Sears' negligence and breach of warranty were not a proximate cause of plaintiff's injuries.[1]
 
 
 6
 We need not consider plaintiff's claim since he failed to assert the alleged inconsistency before the district court in a timely manner. It is long-settled law in this circuit that the failure of a litigant to bring to the attention of the trial court an alleged inconsistency in the jury verdict before the jury is discharged constitutes a waiver of this claim. Masure v. Donnelly, 962 F.2d 128, 134 (1st Cir. 1992) ("[B]y failing to point out the alleged inconsistency before the jury was discharged, [appellant] waived this argument"); Peckham v. Continental Casualty Ins. Co., 895 F.2d 830, 836 (1st Cir. 1990) ("[t]he law is perfectly clear that [appellants] waived any claim of internal inconsistency 'by failing to object after the verdict was read and before the jury was discharged' ") (quoting McIsaac v. Didriksen Fishing Corp., 809 F.2d 129, 134 (1st Cir. 1987)); Fernndez v. Chardn, 681 F.2d 42, 58 (1st Cir.), cert. denied, 459 U.S. 989 (1982) (litigant who waits until after the jury is excused to raise claim that answers to special interrogatories were inconsistent with the general verdict waives his right to assert this argument); Skillin v. Kimball, 643 F.2d 19 (1st Cir. 1981) (failure to inform trial judge that special verdict was inconsistent before jury was discharged constitutes waiver of right to review).
 
 
 7
 Plaintiff also filed a motion below alleging that he was entitled to a new trial because the district court failed to give three supplemental jury instructions pertaining to proximate cause. After reviewing the record, we find that plaintiff's contention lacks merit. See, e.g., Shane v. Shane, 891 F.2d 976, 987 (1st Cir. 1989) (refusal to give instruction is not reversible error "unless the error is determined to have been prejudicial after review of the record as a whole") (citation omitted).
 
 
 8
 The district court instructed the jury on the issue of proximate causation on each of the four separate claims. To illustrate, the trial judge instructed inter alia that
 
 
 9
 [t]he plaintiff must prove that the Sears' breach of warranty was a proximate cause. It follows from that, that if the sole, that is the only proximate cause was the negligence of some persons or entities other than Sears, then Sears' breach of warranty could not be the proximate cause of the plaintiff's injury.
 
 
 10
 So in determining the issue of proximate cause, you may consider whether and to what extent persons or entities other than Sears, such as plaintiff's employer, or prior persons who owned or used the saw, were negligent.
 
 
 11
 The district court's instructions adequately apprised the jury of the issue of proximate cause. The refusal to give plaintiff's requested instructions was not prejudicial. See, e.g., Brown v. Trustees of Boston University, 891 F.2d 337, 354 (1st Cir. 1989) ("As long as the judge's instruction properly apprises the jury of the applicable law, failure to give the exact instruction requested does not prejudice the objecting party") (quoting McKinnon v. Skil Corp., 638 F.2d 270, 274 (1st Cir. 1981)).
 
 
 12
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Alternatively, appellant's proximate cause claim may be aimed at the trial court's failure to direct a finding of causation upon the determination of breach of warranty. Even if the claim had merit, appellant has waived it when he failed to move for either a directed verdict of a judgment notwithstanding verdict