7 F.3d 225
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DEBORAH E. SABOTKA, Plaintiff-Appellant,
v.
THERESA P. SAUTER; The Automobile Insurance Company of
Hartford, Connecticut, Defendants-Appellees.
 No. 92-2443.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 26, 1993.
Decided: September 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Roger A. Doumar, Law Offices of Peter G. Angelos, for Appellant.
 Irwin E. Weiss, for Appellee Sauter;
 Douglas M. Scheller, Law Offices of Joseph Jagielski, for Appellee Automobile Insurance Company.
 D.Md.
 AFFIRMED
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Deborah E. Sabotka brought this diversity action against Theresa P. Sauter and The Automobile Insurance Company of Hartford, Connecticut (the Company), for damages sustained in an automobile accident on November 1987. The case was tried to a jury. The jury found for Sabotka on the liability issue, but awarded no damages in addition to the amount of damages stipulated by the parties. Sabotka moved for a new trial. The district court denied the motion. Finding no abuse of discretion, we affirm.
 
 
 2
 Sabotka claimed injury to her neck and back as a result of the accident. The Defendants moved in limine to bar Sabotka's counsel from referring in any manner to Sabotka's avascular necrosis, a serious hip disease that was not diagnosed until five years after the accident. The district court granted the motion, finding that the condition was unrelated to the accident. Consequently, the district court refused to allow Sabotka's counsel to cross-examine Defendants' medical expert on that issue.
 
 
 3
 At trial, the parties stipulated that previous personal injury protection benefits paid to Sabotka in the amount of $4,421.11 were reasonable, necessary, and a result of the accident. The Defendants' orthopedic expert, Dr. Thomas Powell, testified that, in his opinion, and to a reasonable degree of medical probability, Sabotka suffered no permanent injury to her lower back and neck as a result of the accident.
 
 
 4
 The district court entered judgment in favor of Sabotka in the amount of $0.00. Sabotka moved for a new trial pursuant to Fed. R. Civ. P. 59. The district court denied the motion, but set aside and amended the jury verdict to reflect an award in favor of Sabotka in the amount of $4,421.11, the stipulated amount of damages. Sabotka appeals.
 
 
 5
 We review the denial of a motion for new trial for abuse of discretion. Herold v. Hajoca Corp., 864 F.2d 317, 321 (4th Cir. 1988), cert. denied, 490 U.S. 1107 (1989). When considering such a motion, the trial court must determine whether the verdict is against the clear weight of the evidence, Aetna Casualty & Sur. Co. v. Yeatts, 122 F.2d 350, 354 (4th Cir. 1941), viewing the evidence and inferences therefrom in favor of the non-moving party. Manes v. Metro-North Commuter R.R., 801 F. Supp. 954, 957 (D. Conn. 1992), aff'd, 990 F.2d 622 (2d Cir. 1993).
 
 
 6
 We find that the district court did not abuse its discretion in denying Sabotka's motion for new trial. The jury found that Sabotka was entitled to no further damages for her alleged injuries. That conclusion is consistent with the testimony of Dr. Powell. The jury was entitled to find Dr. Powell's testimony credible, and to draw inferences favorable to the Defendants from that testimony. Sabotka simply failed to satisfy her burden of showing that the jury's verdict was against the clear weight of the evidence.
 
 
 7
 Moreover, the district court properly enforced the parties' stipulated amount of damages by amending the verdict to reflect the stipulation. See Branch-Hines v. Hebert, 939 F.2d 1311, 1320 (5th Cir. 1991); Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 985 (5th Cir. 1989). The parties stipulated that the Company already had paid medical bills in the amount of $4,421.11. Upon hearing that the jury had found for Sabotka on the liability issue, the trial court inquired what amount of damages had been assessed. The foreman stated that no further additional compensation was necessary. Thus, the trial court acted properly by amending the verdict to reflect the stipulated amount of damages, because that issue was not properly within the jury's province. Jones v. Wal-Mart Stores, Inc., 870 F.2d at 985-86.[1]
 
 
 8
 Sabotka also challenges the trial court's refusal to allow her to introduce evidence of her avascular necrosis. We will not disturb a trial court's determination that the probative value of evidence is outweighed by its potential for prejudicing or confusing a jury absent a clear showing of abuse of discretion. Johnson v. Hugo's Skateway, 974 F.2d 1408, 1413 (4th Cir. 1992).
 
 
 9
 Defendants moved to suppress any mention of Sabotka's hip disease. The condition was not diagnosed until May 1992, eight months after Dr. Powell examined Sabotka and almost five years after the accident involved in this case. Sabotka asserted that she should have been allowed to introduce evidence of her disease to refute Dr. Powell's assertion that at the time he examined her in September 1991, she was healthy. However, Sabotka's own expert would have testified that there was no probable connection between that disease and the car accident. Therefore, the trial court did not abuse its discretion by finding that evidence of the hip disease would unfairly prejudice the Defendants and was devoid of probative value. See Reagan v. Brock, 628 F.2d 721, 724 (1st Cir. 1980).
 
 
 10
 Finally, Sabotka urges us to find that certain statements made by defense counsel during closing argument constituted an admission that Sabotka sustained damages in excess of the stipulated amount. Other courts have held that such statements made in closing argument are not binding admissions, and we agree. See, Mitchell v. Lone Star Ammunition, Inc., 913 F.2d 242, 252 (5th Cir. 1990); Rhoades v. United Air Lines, Inc., 340 F.2d 481 (3d Cir. 1965).
 
 
 11
 For these reasons, we affirm the order of the district court.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We find persuasive the Company's argument that Sabotka waived her right to appeal the inconsistency of the jury's verdict by failing to raise that issue at trial prior to the discharge of the jury. Fed. R. Civ. P. 49(a); see also White v. Celotex Corp., 878 F.2d 144, 146 (4th Cir.), cert. denied, 493 U.S. 964 (1989). Even if the issue was not waived, however, Sabotka's claims remain meritless because the trial court rectified any inconsistencies in the jury verdict by amending the verdict to reflect the parties' stipulation as to damages
 
 
 [2]
 We grant counsel Scheller's motion to withdraw