**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARY MEHARG, a South Carolina
Individual; PAMELA MEHARG, a
South Carolina Individual,
<u>Plaintiffs-Appellees,</u>

v.                                                                  No. 96-1074

FREDDY POZNICK, a South Carolina
Individual; SUSAN POZNICK, a South
Carolina Individual,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenwood.
G. Ross Anderson, Jr., District Judge.
(CA-95-1387-8-3)

Submitted: March 31, 1997

Decided: April 11, 1997

Before HALL, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Symmes Watkins Culbertson, Greenville, South Carolina, for Appel-
lants. J. Stephen Welch, WELCH & CRAIN, L.L.C., Greenwood,
South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Susan and Freddy Poznick, appeal the jury's verdicts finding them liable for violating the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1)(c) (1994), and the trial court's order denying their FED. R. CIV. P. 59 motion and granting the Appellees' motion for attorney's fees. After the jury was dismissed, the Poznicks moved for a new trial asserting that the jury's verdicts were fatally inconsistent, and that the trial court had erroneously instructed the jury concerning damages. Finding no reversible error, we affirm.

The Poznicks failed to raise the issue of consistent verdicts before the jury was discharged; thus, they waived their right to raise this issue on appeal. See White v. Celotex Corp., 878 F.2d 144, 146 (4th Cir. 1989). Moveover, the Poznicks waived their right to challenge the trial court's supplemental instruction in response to the jury's question, "[d]o we have to award ten thousand dollars?" When asked by the court whether they had any objections to the court's answer, "[y]ou may award zero damages or you may award ten thousand dollars damages," counsel replied, "[n]one from the defense, your honor." Additionally, our review of the instructions given by the court reveals that they, "construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury." Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987).

Accordingly, the jury's verdicts and the district court's order denying the Poznicks' Rule 59 motion for a new trial and granting the Mehargs' motion for attorney's fees are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2