**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WARREN BENNETT; REANDER
MATTOCKS,
<u>Plaintiffs-Appellants,</u>

v.

OFFICER YOAKLEY; OFFICER WORD;
THE TOWN OF GAITHERSBURG,
MARYLAND, a Municipal
Corporation,
<u>Defendants-Appellees.</u>

No. 99-1081

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge; Herbert N. Maletz, Senior Judge,
sitting by designation.
(CA-96-3897-PJM)

Submitted: March 31, 2000

Decided: May 2, 2000

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John O. Iweanoge, Washington, D.C., for Appellants. David Karp,
ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, Maryland,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Warren Bennett and Reander Mattocks appeal the district court's judgment entered based upon jury verdicts in favor of Gaithersburg Police Officers Word and Yokley* on their 42 U.S.C.A. § 1983 (West Supp. 1999) complaint and state law claims alleging excessive force, false arrest, unlawful detention, and assault and battery. Appellants allege the district court erred by transferring the trial from the Greenbelt Division to the Baltimore Division of the United States District Court in Maryland, excluding their expert witness testimony, and denying their motions for judgment of acquittal and for a new trial. Finding no reversible error, we affirm.

Appellants maintain the district court lacked jurisdiction to transfer the trial in this matter from the Greenbelt Division to the Baltimore Division and that the transfer prejudiced them because of the inconvenience and expense of traveling. A court, however, possesses discretion to transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses or in the interest of justice. See 28 U.S.C.A. § 1404(a) (West Supp. 1999).

We review the district court's decision to admit or exclude expert testimony for abuse of discretion. See Kopf v. Skyrm, 993 F.2d 374, 378 (4th Cir. 1993). The proffered expert witness testimony contains only general conclusions that the force used by the officers was not justified and that all police agencies provide training in the area of the use of force, and we find no abuse of discretion in excluding it.

After the jury was dismissed, Appellants moved for a new trial asserting the jury verdicts were inconsistent. Because Appellants

_____

*The district court misspelled Yokley's name on its docket.

failed to object to the jury's final verdict before the jury was discharged, their objection was waived. <u>See White v. Celotex Corp.</u>, 878 F.2d 144, 146 (4th Cir. 1989). Accordingly, we find the district court did not abuse its discretion by denying Appellants' motion for a new trial on this ground.

We therefore affirm the district court's orders and final judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3