**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-1351**

───────────

VIGILANT INSURANCE COMPANY OF NEW YORK, As Subrogee Of
Spartanburg Regional Healthcare System,

             Plaintiff – Appellant,

        v.

MCKENNEY'S INC.,

             Defendant – Appellee,

        and

ROBINS & MORTON CORPORATION,

             Defendant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  J. Michelle Childs, District
Judge.  (7:09-cv-02076-JMC)

───────────

Argued:  March 19, 2013                    Decided:  May 24, 2013

───────────

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion,
in which Judge Davis joined.  Judge Keenan wrote a separate
opinion concurring in the judgment.

───────────

Thomas David Higgins, Jr., COZEN O'CONNOR, Charlotte, North
Carolina, for Appellant.  Kimila Lynn Wooten, ELMORE GOLDSMITH,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Vigilant Insurance Company of New York ("Vigilant") appeals the denial of its motion for a new trial on its negligence cause of action against McKenney's, Inc. ("McKenney's"). We affirm.

I

In 2006, a water leak occurred at a Spartanburg Regional Healthcare System ("Spartanburg Regional") facility located in Spartanburg, South Carolina. Spartanburg Regional filed a claim with Vigilant, its property insurance carrier, for damage to its property and medical equipment, and Vigilant paid the claim. Thereafter, Vigilant (as subrogee) filed this lawsuit against Robins & Morton Corporation ("RMC"), which was the general contractor for the Spartanburg Regional facility, and McKenney's, which was the plumbing sub-contractor. Vigilant alleged that the leak occurred when two pipes integrated into the roof drain system of the Spartanburg Regional facility separated during a rainstorm.

The case proceeded to a jury trial on two causes of action: breach of contract against RMC and negligence against McKenney's. Without objection from the parties, the district court instructed the jury concerning these causes of action and submitted a verdict form that presented three parts for the jury to complete. The first and second parts of the form asked the jury simply to render a verdict on the breach of contract and

3

negligence causes of action, respectively. The third part asked the jury to state the amount of actual damages, if any, to which Vigilant was entitled if the jury rendered a verdict for Vigilant on either cause of action. In the first part of the verdict form, the jury found in RMC's favor on the breach of contract cause of action. In the second part, the jury found in Vigilant's favor on the negligence claim. In the third part, the jury entered "$0.00" as the negligence damages amount.

Immediately after the verdicts were published, the district court thanked the jury members for their service and sent them to the jury room, explaining: "I will need to speak with the parties just one moment. And then you all will be excused." J.A. 339.[1] The court then asked whether the parties took exception to the verdicts, to which Vigilant's counsel responded: "Yes, Your Honor, plaintiffs do in regards to the verdict or the finding on damages." Id. After counsel for McKenney's indicated that McKenney's had no exceptions, the court stated to Vigilant's

---

[1] The court reporter's notation at this point in the trial transcript reads "Whereupon, the jury was excused from the case at approximately 6:21 p.m." J.A. 339. Contrary to Vigilant's contention that the jury was discharged at that time, we believe that the district court's quoted statement makes it clear that the jury had not in fact been discharged. See generally Summers v. United States, 11 F.2d 583, 586 (4th Cir. 1926) (noting that a jury is not discharged even if the court stated otherwise as long as it "remains an undispersed unit, within control of the court, with no opportunity to mingle with or discuss the case with others").

4

counsel: "[Y]ou'll have the appropriate time to submit your issues with respect to that in writing in accordance with our local federal rules." J.A. 340. Vigilant's counsel thanked the court, and the court then adjourned.

Several weeks later, Vigilant moved for a new trial against McKenney's, arguing that the zero damages negligence verdict is inconsistent under South Carolina law. Vigilant pointed primarily to Stevens v. Allen, 536 S.E.2d 663, 666 (S.C. 2000), in which the state supreme court noted that a verdict "assessing liability against the defendant but awarding the plaintiff zero damages is inconsistent and contrary to South Carolina law." After explaining that a negligence cause of action has three elements (duty of care, breach of that duty, and damages proximately caused by the breach) the Stevens court held (1) "if a jury finds the plaintiff has failed to prove damages proximately caused by the defendant's negligence, then its verdict should be for the defendant," and (2) "the proper and most consistent approach of treating such verdicts is to require, upon request, the trial court to re-submit the matter to the jury. If the jury cannot reach a consistent verdict, the trial court may then order a new trial nisi or a new trial absolute." Id.

The district court denied the motion, stating: "Because Vigilant did not bring the alleged inconsistency to the court's

5

attention or move for re-submission of the matter to the jury, Vigilant may have waived its right to seek a new trial. Notwithstanding any waiver by Vigilant of the right to seek a new trial, the court finds the verdict rendered in this case to be consistent with the evidence presented at trial." J.A. 358.[2] The court explained that it had considered the entire record, including the jury instructions and verdict form, and concluded that "the jury's verdict and damage assessment can be logically harmonized and the jury's verdict should be sustained." J.A. 362.

## II

We review the denial of a new trial motion for abuse of discretion. Gregg v. Ham, 678 F.3d 333, 342 (4th Cir. 2012). A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors

---

[2] Regarding waiver, the district court looked to White v. Celotex Corp., 878 F.2d 144, 146 (4th Cir. 1989), in which we interpreted Fed. R. Civ. P. Rule 49(b) and explained: "Proper respect for the Rule mandates that failure to bring any purported inconsistencies in the jury's verdict to the attention of the court prior to the release of the jury will constitute a waiver of a party's right to seek a new trial." The court noted that although "Vigilant indicated that it took exception to the verdict, [Vigilant] did not specifically mention any grounds for the exception. Particularly, Vigilant did not note any perceived inconsistency in the verdict or request that the jury conduct further deliberations to clarify the verdict." J.A. 358. To the extent that Rule 49(b) is pertinent to this case, we note that the state court procedure outlined in Stevens is consistent with our decision in White.

6

constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009). Vigilant primarily contends, as it did below, that the negligence verdict is legally inconsistent under South Carolina law, and it argues that the district court abused its discretion by concluding otherwise. For its part, McKenney's argues that the court correctly ruled that the negligence verdict is not inconsistent. We agree with McKenney's on this point.

When, as here, a party contends that the verdict is inconsistent, we are required to determine whether the verdict can be sustained on any reasonable theory. Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 599 (4th Cir. 1996). Unquestionably, the negligence verdict in this case resembles the negligence verdict in Stevens because the juries in both cases rendered a general plaintiff's verdict but awarded zero damages. If our analysis ended with only this comparison, we might be inclined to agree with Vigilant that the negligence verdict in this case is inconsistent. However, Stevens does not control the outcome of this case because this jury, like all federal juries, "serve[d] under the district judge's guidance," Price v. Glosson Mot. Lines, Inc., 509 F.2d 1033, 1036 (4th Cir. 1975), and the district court was not required to, and did not,

7

instruct the jury to render its verdict in a form that accords with Stevens.[3]

Instead, included among the district court's instructions are several instructions[4] that we believe, in conjunction with the verdict form, fairly permitted the jury to render the zero damages negligence verdict. See generally TransDulles Ctr., Inc. v. USX Corp., 976 F.2d 219, 227-28 (4th Cir. 1992) (rejecting claim of verdict inconsistency where verdict accords with jury instructions); City of Richmond v. Madison Mgmt. Group, Inc., 918 F.2d 438, 458 (4th Cir. 1990) (noting that even "'a jury

---

[3] Stevens states a general principle of South Carolina law, but it does not require that a district court instruct the jury in a certain manner, and neither party has argued to the contrary. See Noel v. Artson, 641 F.3d 580, 588 (4th Cir. 2011) (noting that appellate opinions "articulate general principles of law that decide cases," and they "are not jury instructions, nor are they meant to be").

[4] See J.A. 40-41 ("Any failure to exercise due care on the part of McKenney's . . . in the construction of the building would constitute negligence or carelessness. If such negligence or carelessness on the part of McKenney's did exist, . . . your next question would be: Is the negligence or carelessness of McKenney's a proximate cause of the damages sustained by Spartanburg Regional?"); J.A. 41 ("If you find McKenney's negligent per se, . . . you must still determine whether Vigilant has suffered any damages and whether those damages were proximately caused by McKenney's negligence per se"); J.A. 44-45 ("If you find . . . that Vigilant has met its burden of proving that McKenney's is liable to it for negligence . . ., then you must determine the amount of damages Vigilant should receive, if any. . . . If Vigilant proves its claims, it also has the burden of proving, again by a preponderance of the evidence, that it suffered damages."). Neither party has argued that these or any other instructions are erroneous.

8

verdict inconsistent on its face does not require a new trial if the inconsistency may reasonably be attributed to the jury's misunderstanding of the jury instructions'" (citation omitted)). These instructions can reasonably be understood to have split the elements of negligent conduct from the element of negligence damages, telling the jury that if it first found McKenney's to have been negligent, it should then proceed to consider whether Vigilant was entitled to damages. This interpretation is consistent with the verdict form, which asked the jury in part 2 to render a verdict on the "claim for negligence" and then, in part 3, to state the amount of damages, "if any," to which Vigilant was entitled (if it prevailed on either cause of action). See Bensch v. Davidson, 580 S.E.2d 128, 131 (S.C. 2003) (noting, in the context of a discussion regarding the consistency of a general verdict, that the "if any" damages language in the verdict form indicated that the jury could find no damages even if they found for the counterclaim plaintiffs on their contract counterclaim).[5]

---

[5] Although Bensch involves a breach of contract claim, the principle announced in Stevens (which is a negligence case) would nonetheless be applicable generally because proof of damages is a necessary prerequisite to both negligence and breach of contract claims. See Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962) (breach of contract action requires proof of damages). Thus, as a general rule, a zero damages verdict would normally be improper in both types of (Continued)

III

The instructions in this case sufficiently conveyed to the jury that Vigilant bore the burden of proving each of the three elements of the negligence claim, and we are satisfied that the zero damages negligence verdict comports with the instructions. Therefore, the verdict is not inconsistent, and the district court did not abuse its discretion in denying the motion for a new trial.

AFFIRMED

cases. Of course, for the reasons we have explained, the general rule is inapplicable here.

BARBARA MILANO KEENAN, Circuit Judge, concurring in the judgment.

Vigilant did not timely object to the jury verdict as inconsistent. Because the district court correctly recognized that Vigilant waived its right to request a new trial, I would affirm the judgment on that basis without addressing the merits of the asserted inconsistency.

Under Rule 49(b) of the Federal Rules of Civil Procedure, counsel must object to any perceived inconsistency in the jury verdict before the jury is discharged.[1] White v. Celotex Corp., 878 F.2d 144, 146 (4th Cir. 1989) (per curiam). The failure to bring any such inconsistency to the court's attention prior to the release of the jury "will constitute a waiver of a party's right to seek a new trial." Id.

The purpose of the rule is to encourage the efficiency of the trial process by giving the jury the opportunity to reconcile any inconsistency in the verdict rather than by requiring the parties to present all of the evidence again to another jury. Id. If a party does not timely object, "the court will effectively lose the opportunity to have the jury reconsider the inconsistency," and "[a]s a result, the primary

---

[1] The parties do not dispute that Rule 49(b) is applicable in this case.

11

purpose of Rule 49(b) will have been defeated." Austin v. Paramount Parks, Inc., 195 F.3d 715, 726 (4th Cir. 1999).

In this case, after the jury verdict holding McKenney's liable for negligence but awarding zero damages was published, the district court inquired outside the presence of the jury whether there were any objections. Although counsel for Vigilant objected "to the verdict or the finding on damages," he did not elaborate on the grounds for his objection or request that the matter be resubmitted to the jury. The jury was dismissed at the conclusion of this hearing.[2]

Because Vigilant's counsel did not apprise the district court of the basis for his objection, the court was deprived of the opportunity to have the jury remedy the asserted inconsistency. See Skillin v. Kimball, 643 F.2d 19, 20 (1st Cir. 1981) (holding inconsistent verdict argument waived despite counsel's remark "that he thought the jury's work was inconsistent" before the jury was discharged because "he did not pursue any relief"). Thus, a decision permitting Vigilant to seek a new trial under such circumstances "would undermine the

---

[2] Contrary to Vigilant's assertion, the record reflects that the jury was discharged only upon the conclusion of the hearing, not before. Accordingly, we disagree with Vigilant's argument that Vigilant was not provided the opportunity to object. See Fed. R. Civ. P. 46.

12

incentives for efficient trial procedure" underlying Rule 49(b). Id.; see also White, 878 F.2d at 146.

Accordingly, in my view, Vigilant waived its right to request a new trial because counsel did not bring the asserted inconsistency to the district court's attention before the jury was excused. See White, 878 F.2d at 146. I would affirm the judgment on that basis without addressing the separate question whether the verdict was inconsistent as alleged.