BARBARA MILANO KEENAN,
Circuit Judge, concurring in the judgment.
Vigilant did not timely object to the jury verdict as inconsistent. Because the district court correctly recognized that Vigilant waived its right to request a new trial, I would affirm the judgment on that basis without addressing the merits of the asserted inconsistency.
Under Rule 49(b) of the Federal Rules of Civil Procedure, counsel must object to any perceived inconsistency in the jury verdict before the jury is discharged.[1] White v. Celotex Corp., 878 F.2d 144, 146 (4th Cir.1989) (per curiam). The failure to bring any such inconsistency to the court’s attention prior to the release of the jury “will constitute a waiver of a party’s right to seek a new trial.” Id.
The purpose of the rule is to encourage the efficiency of the trial process by giving the jury the opportunity to reconcile any inconsistency in the verdict rather than by requiring the parties to present all of the evidence again to another jury. Id. If a party does not timely object, “the court will effectively lose the opportunity to have the jury reconsider the inconsistency,” and “[a]s a result, the primary purpose of Rule 49(b) will have been defeated.” Austin v. Paramount Parks, Inc., 195 F.3d 715, 726 (4th Cir.1999).
In this case, after the jury verdict holding McKenney’s liable for negligence but awarding zero damages was published, the district court inquired outside the presence of the jury whether there were any objections. Although counsel for Vigilant objected “to the verdict or the finding on damages,” he did not elaborate on the grounds for his objection or request that the matter be resubmitted to the jury. The jury was dismissed at the conclusion of this hearing.[2]
Because Vigilant’s counsel did not apprise the district court of the basis for his *914 objection, the court was deprived of the opportunity to have the jury remedy the asserted inconsistency. See Skillin v. Kimball, 643 F.2d 19, 20 (1st Cir.1981) (holding inconsistent verdict argument waived despite counsel’s remark “that he thought the jury’s work was inconsistent” before the jury was discharged because “he did not pursue any relief’). Thus, a decision permitting Vigilant to seek a new trial under such circumstances “would undermine the incentives for efficient trial procedure” underlying Rule 49(b). Id.; see also White, 878 F.2d at 146.
Accordingly, in my view, Vigilant waived its right to request a new trial because counsel did not bring the asserted inconsistency to the district court’s attention before the jury was excused. See White, 878 F.2d at 146. I would affirm the judgment on that basis without addressing the separate question whether the verdict was inconsistent as alleged.

. The parties do not dispute that Rule 49(b) is applicable in this case.

. Contrary to Vigilant’s assertion, the record reflects that the jury was discharged only upon the conclusion of the hearing, not before. Accordingly, we disagree with Vigilant's argument that Vigilant was not provid *914 ed the opportunity to object. See Fed.R.Civ.P. 46.