**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-1619**

─────────────

JAMES N. HUTCHERSON, JR.; SHARON T. HUTCHERSON, as wife of
James N. Hutcherson, Jr.,

         Plaintiffs - Appellants,

    v.

CHAE Y. LIM, individually and in his professional/employment
capacity,

         Defendant – Appellee,

    and

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, d/b/a WMATA,

         Defendant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:08-cv-03044-RWT)

─────────────

Submitted:  September 25, 2014      Decided:  October 9, 2014

─────────────

Before KING, GREGORY, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Anitha Johnson, ODELUGO & JOHNSON, LLC, Lanham, Maryland, for
Appellants.  Gerard J. Stief, Chief Counsel, Kathryn Pett,

General Counsel, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James N. Hutcherson, Jr., appeals the district court's order denying his Federal Rule of Civil Procedure 59(a) motion for a new trial. On appeal, Hutcherson argues that the district court erred in admitting certain documentary evidence and that the jury's award is inconsistent with its verdict on liability. Finding no reversible error, we affirm.

Hutcherson first contends that the district court erred in admitting a final medical evaluation because it contained hearsay. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and . . . will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). We will not, however, "set aside or reverse a judgment on the grounds that evidence was erroneously admitted unless justice so requires or a party's substantial rights are affected." Creekmore v. Maryview Hosp., 662 F.3d 686, 693 (4th Cir. 2011).

Assuming, without deciding, that the district court erred in admitting the medical evaluation, we conclude that the court's actions did not affect Hutcherson's substantial rights. In light of the testimonial evidence offered at trial, we conclude that the contents of the evaluation report were not so

prejudicial that the document's admission affected the outcome of the trial.

Second, Hutcherson contends that the jury's award of zero damages is inconsistent with its verdict on liability. He argues that, contrary to the district court's finding, he did not waive this claim by failing to object to the verdict before the jury was discharged. We conclude, however, that Hutcherson did waive his objection to any alleged inconsistencies by failing to object to the general verdict prior to the jury's discharge. See White v. Celotex Corp., 878 F.2d 144, 146 & n.2 (4th Cir. 1989) (distinguishing special and general verdicts and holding that failure to object to purported inconsistencies in a Federal Rule of Civil Procedure 49(b) general verdict form prior to jury's discharge constitutes waiver of right to seek a new trial on that basis); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 725-27 (4th Cir. 1999) (concluding that district court properly denied motion for entry of judgment under Rule 49(b) because defendant did not object to alleged inconsistencies in general verdict prior to jury's discharge).

Accordingly, we conclude that the district court did not abuse its discretion in denying Hutcherson's Rule 59(a) motion. See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 313 (4th Cir. 2012) (providing standard of review). We therefore affirm the district court's

4

order.     We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED