**Jim ZENS, Plaintiff and Appellant,**

v.

**Lauren HARRISON, Defendant and Appellee.**

No. 19022.

Supreme Court of South Dakota.

Considered on Briefs Sept. 14, 1995.

Decided Oct. 25, 1995.

Richard L. Russman of Rice and Ewinger Law Office, Aberdeen, for plaintiff and appellant.

William D. Kunstle and Jeffrey C. Clapper of Moore, Rasmussen, Kading & Kunstle, Sioux Falls, for defendant and appellee.

KONENKAMP, Justice.

Jim Zens severely injured his hand when he fell while reshingling Lauren Harrison's roof. Zens sued. At trial the jury found for Harrison. Zens appeals complaining his expert should have been allowed to testify that Harrison was negligent. We affirm.

### Facts

Zens and Harrison were friends and often went fishing and hunting together. On the day of the accident, Zens asked Harrison to go fishing, but Harrison declined because he was reshingling his roof. Zens agreed to help with the project.[1] Harrison instructed Zens to remove the old shingles and throw them into a disposal truck. The truck was moved, so Zens piled the old shingles on the edge of the roof. As he did so, he lost his footing and fell to the ground, injuring his hand.

At trial, Zens called Steve Pelzl, an expert on roofing and roofing safety. The trial judge ruled Pelzl a qualified expert in his

---

1. A factual question arose on whether Zens was a gratuitous employee. This was resolved at the trial court level and is not the subject of this appeal.

field. Pelzl opined that Harrison inadequately instructed and supervised Zens.[2] Zens also sought Pelzl's opinion on whether Harrison was "negligent" in his instruction and supervision of the workplace.[3] The trial court refused to allow such opinion. On appeal Zens raises a single issue:

**Will SDCL 19–15–4 (Rule 704) permit an expert witness to testify that a party was negligent?**

### Analysis

■ Trial courts have broad discretion in ruling on the qualifications of experts and the admission of their testimony. *State v. Werner*, 482 N.W.2d 286, 291 (S.D.1992). Evidentiary rulings will not be disturbed unless there is a clear showing of an abuse of discretion. *State v. Hanson*, 456 N.W.2d 135, 138 (S.D.1990); *State v. Olesen*, 443 N.W.2d 8, 9 (S.D.1989); *State v. Bawdon*, 386 N.W.2d 484, 486 (S.D.1986). The rule governing admission of expert testimony is set forth in SDCL 19–15–2 (Rule 702):

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

■ In 1993 SDCL 19–15–4 (Rule 704) was amended to adopt verbatim the federal rule and abolish the ultimate issue rule. The commentary accompanying the federal rule offers guidance on its scope:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact,

and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed. (Citing McCormick on Evidence § 12.)

Fed.R.Evid. 704 advisory committee's note. Clearly then, the rule does not open the door to admit any opinion.

Declarations from experts on how the jury should rule have long been disfavored.

> It is believed all courts would exclude such extreme expressions. There is no necessity for this kind of evidence; to receive it would tend to suggest that the judge and jury may shift responsibility for decision to the witnesses; and in any event it is wholly without value to the trier of fact in reaching a decision.

McCormick on Evidence § 12 (4th ed. 1992) (footnotes omitted). An expert's opinion must help the trier of fact to understand the evidence or to determine a fact in issue.

> The helpfulness standard, when combined with the abolition of the old "ultimate issue" objection, could be read to mean that

---

2. On direct examination of Pelzl, Zens was allowed to ask:

Q. If you make the assumption that that is the home of Lauren Harrison, that Mr. Zens went up onto the roof to help Mr. Harrison remove shingles, that Mr. Harrison never told Mr. Zens that he should not place shingles at the bottom of the roof, that he did not supervise Mr. Zens when he did place shingles at the bottom of the roof, is it your opinion then that because of his failure to adequately instruct and supervise Mr. Zens that therefore that is not a safe workplace?

A. That's correct.

3. Outside the presence of the jury the trial court ruled:

The Court: Well, is the witness going to be asked at some point, was so-and-so negligent? Counsel: Yes, your honor.

The Court: If the question is, was this an unsafe workplace, that would be a fact in issue. If the question is, was so-and-so negligent in doing it, that's a little different issue.... [T]he Court does believe that Mr. Pelzl is an expert and can give testimony concerning safety, safety issues, whether or not certain conditions would be safe or unsafe given the—what a reasonable prudent employer might insist on. And as far as some testimony concerning some ultimate issue, I think that's up to the jury to decide and the Court would not want a witness, in effect, saying so-and-so is negligent....

experts may freely testify on points of law or directly state legal conclusions. In fact, however, expert testimony on points of law is largely inadmissible because it is not helpful under FRE 702, and abolishing the ultimate issue objection did not create a positive ground or basis for such testimony.

Mueller and Kirkpatrick, Federal Evidence § 352 (2d ed. 1994). Thus, even with the abolition of the ultimate issue rule, certain expert opinions may be excluded as intrusive. "With respect to negligence actions, an opinion phrased in terms of negligence itself, involving not only the formulation of a legal standard by the witness but also one substantially immune to exploration, seems calculated to confuse or mislead rather than assist the trier." M. Graham, Federal Practice and Procedure § 6661 (1992). Accord *Shahid v. City of Detroit,* 889 F.2d 1543 (6th Cir.1989) (opinion on negligence also excludable as calling for legal conclusion); *contra Charter v. Chleborad,* 551 F.2d 246 (8th Cir. 1977), cert. denied 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 128 (1977) (in medical malpractice case plaintiff's expert testified defendant doctor was negligent, but negligence opinion not raised as issue on appeal).

■ In delineating the scope of Pelzl's testimony the trial court stated:

[I]n the Court's view, the witness can help the jury decide whether or not the work-place was reasonably safe, because I wouldn't know if it would be or not without an expert guiding me. As far as whether or not somebody was negligent in doing one thing or another, I think that's something the jury can figure out for themselves given the sorts of facts involved here. . . .

"The law permits expert opinion testimony because the expert can draw inferences beyond the capability of lay jurors." Edward J. Imwinkelried, Evidentiary Foundations 221 (2d ed. 1989). Determining negligence has always been the jury's function. Using the helpfulness standard in SDCL 19–15–2 (Rule 702), the trial court properly left it to the jury to determine from the facts whether Harrison was negligent. We see no abuse of discretion.

Affirmed.

MILLER, C.J., and AMUNDSON and GILBERTSON, JJ., concur.

SABERS, J., deeming himself disqualified, did not participate.