1997 SD 20

**Tracy WOOD, Plaintiff and Appellee,**

v.

**CITY OF CROOKS, Defendant and Appellant,**

**and**

**Minnehaha County, South Dakota, Defendant.**

**Nos. 19581, 19597.**

Supreme Court of South Dakota.

Argued Jan. 15, 1997.

Decided Feb. 26, 1997.

Thomas K. Wilka of Hagen, Wilka & Archer, P.C., Sioux Falls, for plaintiff and appellee.

Douglas M. Deibert of Cadwell, Sanford, Deibert & Garry, Sioux Falls, for defendant and appellant.

SABERS, Justice.

[¶ 1.] This action arises out of a collision between a Burlington Northern Railroad train and an automobile operated by Tracy Wood. The accident occurred at a crossing on a Minnehaha County highway on the edge of Crooks, South Dakota. Wood settled with Burlington before suit. He sued Minnehaha County and the City of Crooks, eventually settling with County. His action against City proceeded to jury trial. City appeals the damage award, claiming Wood is barred by contributory negligence because the jury found Wood and City equally negligent (30%).[1] City argues that whether a plaintiff's contributory negligence is slight in comparison with the negligence of a "defendant" should depend only upon the non-settling defendant's negligence. We disagree but reverse because, as a matter of law, a jury finding of 30% contributory negligence is more than slight in comparison with the negligence of all defendants.[2]

## COMPARATIVE NEGLIGENCE

[¶ 2.] When a plaintiff is contributorily negligent,[3] the plaintiff may still recov-

---

**1.** The jury apportioned the negligence as follows:

| | |
|---|---|
| Wood | 30% |
| City | 30% |
| County | 20% |
| Burlington | 20% |

**2.** City also argues it did not have a duty to maintain or control railroad crossings, and that if it did, this crossing was outside of its jurisdiction. City also disputes the amount of costs awarded Wood. In light of our disposition of the case on the comparative negligence issue, those issues need not be addressed. See *Poppen v. Walker*, 520 N.W.2d 238, 248 (S.D.1994) ("Principles of judicial restraint dictate that when an

issue effectively disposes of the case, other issues that are presented should not be reached.").

**3.** "Contributory negligence"

is conduct for which plaintiff is responsible, amounting to a breach of duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributed to the injury complained of as a proximate cause. *Westover v. East River Elec. Power Coop., Inc.*, 488 N.W.2d 892, 897 n. 9 (S.D.1992) (citations omitted). Apparently City convinced the jury that Wood was at fault for, among other things, failure to see the train, failure to brake or take

er damages if that negligence was slight in comparison with the negligence of the defendant. *See* SDCL 20–9–2:

> In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence.

Under this statute, the plaintiff's negligence is compared with the negligence of the defendant, not with "the ordinarily prudent person." *Musilek v. Stober*, 434 N.W.2d 765, 768 (S.D.1989) (citation omitted).

■ [¶ 3.] Whether Wood was contributorily negligent was a question of fact properly submitted to the jury. *Theunissen v. Brisky*, 438 N.W.2d 221, 223–24 (S.D.1989) (reversing trial court's grant of summary judgment because it was based on a finding of contributory negligence as a matter of law). However, whether his contributory negligence was more than slight may be decided as a matter of law. *See Lovell v. Oahe*

*Elec. Coop.*, 382 N.W.2d 396, 399 (S.D.1986) (citing *Starnes v. Stofferahn*, 83 S.D. 424, 432–33, 160 N.W.2d 421, 426 (1968)); *see also Westover*, 488 N.W.2d at 896 ("It is only when the facts show beyond any dispute that plaintiff has committed negligence more than 'slight,' that it is appropriate for the circuit court and this court to hold, as a matter of law, for a negligent defendant.") (citation omitted).

■ [¶ 4.] To determine whether a plaintiff's negligence is more than slight, the test is to compare it with the negligence of all defendants.[4] "Slight," with regard to "negligence," was previously defined by this court as "small of its kind or in amount; scanty; meager." *Friese v. Gulbrandson*, 69 S.D. 179, 189, 8 N.W.2d 438, 442 (1943). *See also Nugent v. Quam*, 82 S.D. 583, 600, 152 N.W.2d 371, 380 (1967) (discussing whether plaintiff's contributory negligence was more than slight in the following terms: "[It] was not small in amount or of little importance or insignificant or unsubstantial or inconsiderable, that is to say, it was not slight in comparison with the negligence of the defendant."). In light of these previously stated standards, we hold, as a matter of law, that the jury's finding of 30% contributory negli-

---

other evasive action, failure to keep a lookout, failure to avoid the accident, and violation of the speed limit at an obstructed railroad crossing. The negligence of Wood was established by the jury at 30%. Since he has not appealed that determination, it is accepted as fact. *Id.* at 898. Because we find 30% to be more than slight in comparison with 70%, further review of the verdict becomes unnecessary.

4.  City's argument that Wood's negligence should be compared only with City's negligence, as the sole non-settling defendant, is without merit. It would be patently unfair to deny recovery to a plaintiff 10% at fault against nine defendants each 10% at fault simply because plaintiff's negligence was equal or more than slight in comparison with a single defendant. *See* Henry Woods & Beth Deere, *Comparative Fault* § 13:1 (3d ed.1996) (collecting cases and noting that 31 states now follow the majority view (the "better view") that plaintiff's negligence is compared against the combined negligence of all defendants).

   Furthermore, our statutes encompass multiple defendants even when only the singular "defen-

dant" is used, as in SDCL 20–9–2. *See* SDCL 2–14–6: "Words used in the singular number include the plural, and the plural, the singular, except where a contrary intention plainly appears." Therefore, SDCL 20–9–2 takes into consideration settling and non-settling defendants alike.

   If Wood's negligence was found to be slight in comparison with the negligence of all defendants, City would be entitled to a credit for the amount already paid by the settling defendants. *See* SDCL 15–8–17:

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

It would be nonsensical to allow for a reduction based upon the settling defendants' payments, yet refuse to consider their negligence in the determination of whether plaintiff's negligence was slight.

gence is more than slight in comparison with City's, County's, and Burlington's combined 70% negligence.[5]

[¶ 5.] The award of damages is reversed in accordance with this decision. Accordingly, we do not reach Wood's issue brought by notice of review.

[¶ 6.] MILLER, C.J., and AMUNDSON, KONENKAMP, and GILBERTSON, JJ., concur.

5. Our determination that the jury's finding of 30% contributory negligence is more than slight is not inconsistent with previous decisions where we held that lesser amounts were not more than slight. *See Fryda v. Vesely,* 80 S.D. 356, 357–60, 123 N.W.2d 345, 346–47 (1963), where the jury's apportionment of 20% negligence to the plaintiff was characterized by the court as "slight." *See also Fossum v. Zurn,* 78 S.D. 260, 272, 100 N.W.2d 805, 811 (1960) (stating that jury's apportionment of plaintiff's contributory negligence at 10% did not make it more than slight).

Although not brought to our attention by either party, we note that the comments to South Dakota Civil Pattern Jury Instruction 20–06 regarding comparative negligence state, in part, that

it is highly improper to require the jury to indicate or specify in their verdict or in answer to an interrogatory the percentage of plaintiff's contributory negligence. It is for the jury to determine whether plaintiff's contributory negligence was less than slight. If they have held by their verdict that it was, their characterization of such contributory negligence in percentage does not make it more than slight. (citing *Fossum & Fryda, supra* ).

The authorities cited do not support this portion of the comments. *Fossum* merely states that an apportionment of 10% negligence by the jury did not undermine its determination that the contributory negligence was less than slight. 78 S.D. at 272, 100 N.W.2d at 811. In *Fryda,* there is no mention of a separate finding that plaintiff's contributory negligence was less than slight; the opinion reports only that the jury apportioned 20% contributory negligence to the plaintiff and later notes that "[T]he jury's determination that plaintiff's negligence was slight is not questioned on this appeal[.]" 80 S.D. at 357, 360, 123 N.W.2d at 346, 347.

The comment seems to indicate that a jury finding of contributory negligence less than slight would stand even if the jury went on to apportion 99% fault to the plaintiff. There is no support for this result in prior case law. An express percentage of negligence assigned by the jury may be the only way a defendant can establish that the plaintiff's contributory negligence is more than slight. Furthermore, apportionment of liability by percentage is regularly employed where there is a disproportion of fault between joint tort-feasors. *See* SDCL 15–8–15, –15.1, –15.2 (1984 & Supp.1996).