1999 SD 104

Harlan HOSSLE, Plaintiff
and Appellant,

v.

Kevin FOUNTAIN, Defendant
and Appellee.

No. 20725.

Supreme Court of South Dakota.

Considered on Briefs June 1, 1999.

Decided Aug. 4, 1999.

Harold C. Doyle, David A. Pfeifle, May, Johnson, Doyle & Becker, Sioux Falls, South Dakota, for plaintiff and appellant.

Douglas M. Deibert, Cadwell, Sanford, Deibert & Garry, Sioux Falls, South Dakota, for defendant and appellee.

GILBERTSON, J.

[¶ 1.] Personal injury claimant appeals judgment issued in favor of the defendant.

After a trial on liability, the jury found the plaintiff's contributory negligence to be more than slight. The trial court, Sixth Judicial Circuit, Gregory County, granted the defendant's motion for judgment. Plaintiff appeals. We reverse and remand for trial.

## FACTS AND PROCEDURE

[¶ 2.] On October 5, 1996, Harlan Hossle (Hossle) was driving a four-wheel, off-road vehicle across a public highway, when Kevin Fountain (Fountain), who was driving on that same highway in a motor vehicle, struck him. The collision caused damage to both parties' vehicles and allegedly injured Hossle. Hossle filed suit against Fountain alleging negligence. In his answer, Fountain asserted the affirmative defense of contributory negligence. Fountain later filed a counterclaim against Hossle for the damage to his vehicle allegedly caused by Hossle's negligence.

[¶ 3.] The trial court bifurcated the trial into a liability section and a damages section. A trial on liability was held on May 28, 1998. On the general verdict form, the jury found for Hossle on all issues. It also found for Hossle under all issues of Fountain's counterclaim. The trial court further submitted two special interrogatories to the jury. The first interrogatory asked the jury if it found either party or both to be negligent in the vehicle collision. The jury answered yes. The second interrogatory asked the jury to determine the percentage of each party's negligence. The jury found Hossle to be 32% negligent and Fountain to be 68% negligent. The trial court did not read the special interrogatories until the verdict had been returned and the jury dismissed.

[¶ 4.] Fountain then filed a motion for entry of judgment based on *Wood v. City of Crooks*, 1997 SD 20, 559 N.W.2d 558.[1] The trial court granted this motion, entering judgment on behalf of Fountain on Hossle's claim for damages. Hossle then filed a motion for a new trial. He claimed juror misconduct in the determination of the percentage of each party's liability and inconsistencies in the general verdict and special interrogatories entitled him to a new trial. The trial court denied the motion for a new trial. Hossle appeals raising two issues, one of which is dispositive:

**Whether the trial court erred in failing to grant a new trial based on the jury's answers to the special interrogatories.**

## DECISION

[¶ 5.] The standard of review for a trial court's entry of judgment under SDCL 15–6–49(b) is abuse of discretion. *Mielitz v. Schmieg*, 461 N.W.2d 763, 766 (S.D.1990). Likewise, a motion for new trial pursuant to SDCL 15–6–59(a) is reviewed by an abuse of discretion standard of review. *In re Widdison*, 539 N.W.2d 671, 677 (S.D.1995). "The term abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Moore v. Moore*, 354 N.W.2d 732, 733 (S.D. 1984) (internal quotations omitted) (quoting *Herndon v. Herndon*, 305 N.W.2d 917, 918 (S.D.1981)). We find the court clearly abused its discretion, as this error resulted in an impediment to a fundamental element of our legal system—the role of the jury as the sole and unbiased fact finder.

[¶ 6.] After the close of evidence, the jury was presented with instructions, three verdict forms and a special interrogatory form.[2] Verdict 1 was to be completed if the jury found for Hossle, disallowing Fountain's counterclaim. Verdict 2 was to be completed if jury found for Fountain on his counterclaim and allowed Hossle nothing on his complaint. Verdict 3 was to be completed if the jury found neither party was "entitled to recover."

---

1. In *Wood* we found a jury determination of 30% contributory negligence by a plaintiff to be more than slight as a matter of law.

2. See attached pages 241, 242, 243 & 244 of special interrogatories and verdict forms.

The trial court's special interrogatories read:

1. Do you find either or both parties were negligent in any degree, concerning the motor vehicle collision involved in this lawsuit?

   If you answer this question "Yes," go on to question No. 2. *If you have found that neither party was negligent, and if you have answered the question "No," your deliberations are complete. Please return this Special Interrogatory into Court, along with Verdict Form No. 3 [neither party entitled to recover verdict].*

2. If you have answered question No. 1 above "Yes," and you have found either or both parties negligent, you must determine the relative shares of negligence of the parties. These relative shares must add up to 100%. *Please return this Special Interrogatory into Court along with Verdict Form 1 [verdict for plaintiff] or 2 [verdict for defendant].*

(Emphasis added).

[¶ 7.] The error in this interrogatory and the inconsistency with the jury instructions, the jury's verdict and more importantly the law regarding contributory negligence, goes to the fundamental nature of the jury's function. If the jury answered special interrogatory 1 with yes, and only one of the parties was negligent; it could only return a verdict for Hossle or a verdict for Fountain. However, if it found both parties at fault with Hossle being contributorily negligent more than slight, it was improperly precluded by the special interrogatory from using general Verdict 3, the only verdict which was legally applicable in this type of a situation.

[¶ 8.] The question of negligence is an elemental jury function. *See Robbins v. Buntrock*, 1996 SD 84, ¶ 8, 550 N.W.2d 422, 425; Zens v. Harrison, 538 N.W.2d 794, 796 (S.D.1995). ("Determining negligence has always been the jury's function"); *Theunissen v. Brisky*, 438 N.W.2d 221, 223 (S.D.1989). ("This court has re-peatedly said that issues of negligence, contributory negligence, and the comparative extent thereof, and proximate cause are ordinarily questions of fact...."). Limiting the jury's decision to a certain set of facts encroaches and violates the role of the jury as the finder of fact.

[¶ 9.] A jury is directed and presumed to follow the instructions as given and its consideration of the evidence is delineated by the instructions. *See Berry v. Risdall*, 1998 SD 18, ¶ 15, 576 N.W.2d 1, 5–6. ("We presume that juries follow the instructions they are given"). The language in the special interrogatory improperly precluded the jury from returning consistent answers to its finding of negligence by both parties with Hossle's negligence being more than slight. When the pathway for resolution of factual determinations of the evidence is barricaded by contradictions in the verdict forms, any resulting fact determination is called into question. These instructions handcuffed the jury into reaching an inconsistent result it would have not otherwise reached.

[¶ 10.] Hossle claims error on the part of the trial court for granting judgment when the special interrogatories and the general verdict were inconsistent. He argues a new trial should have been granted. We agree.

[¶ 11.] SDCL 15–6–49(b) provides:

The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to § 15–6–58. *When the answers are consistent with*

*each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to § 15–6–58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.* When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial. (Emphasis added)

[¶ 12.] At some point in the proceedings, the trial court knew of this error in the jury's instructions, interrogatories and verdict forms. The court mentioned it at the hearing on Hossle's motion for a new trial:

> I think the one thing that has not been brought out, that needs to be brought out on the record, is this: When we gave that special interrogatory to the jury, and I do not have that in front of me, however, under that special interrogatory, we did not give the jury the option to find both parties negligent. Because of the way that we numbered the verdict forms, and the way it was given to them, they could not make that finding.

[¶ 13.] When faced with this error the trial court had three options under SDCL 15–6–49(b): (1) grant a new trial; (2) enter judgment pursuant to SDCL 15–6–58 in accordance with the answers to the special interrogatories notwithstanding the general verdict or; (3) return the jury for further consideration of the special interrogatories or the general verdict. *Mielitz*, 461 N.W.2d at 765. Since the jury had been dismissed when the matter was initially raised, the court could not request further deliberations on the verdict or the interrogatories. Under the statute, the only choice the trial court had was to accept the

inconsistent answers to the interrogatories or grant a new trial. In light of the circumstances of this case, the inconsistent verdict forms and interrogatories should have led the trial court to grant Hossle a new trial. Failure to do so was an abuse of discretion.[3]

[¶ 14.] We reverse and remand for retrial.

[¶ 15.] MILLER, Chief Justice, and AMUNDSON and KONENKAMP, Justices, concur.

[¶ 16.] SABERS, Justice, dissents.

[¶ 17.] I respectfully dissent. I disagree with the majority opinion's conclusion that the special interrogatories and the verdict forms were inconsistent. The jury was instructed that:

> If you find that Harlan Hossle's negligence did contribute as a proximate cause of his own injury, Harlan Hossle may still recover if you find that such contributory negligence of Harlan Hossle was "slight" in comparison with the negligence of Kevin Fountain. If you find that Harlan Hossle is contributorily negligent, but that Harlan Hossle's negligence is under the circumstances slight in comparison with Kevin Fountain's negligence, Harlan Hossle is still entitled to recover.
>
> If you find that such contributory negligence on the part of Harlan Hossle is more than slight in comparison with the negligence of Kevin Fountain, Harlan Hossle cannot recover.

*See* Instruction No. 16 attached. In addition, the jury was specifically instructed regarding contributory negligence. *See* Instruction No. 20 attached.

[¶ 18.] Applying the jury instructions, the jury concluded that Fountain's negligence was the proximate cause of Hossle's injury and returned Verdict Form 1 in

---

**3.** Hossle's other claim of error was that the trial court improperly allowed the jury to determine percentages of fault per *Wood*, 1997 SD 20, 559 N.W.2d 558, despite an amendment to SDCL 20–9–2 effective July 1, 1998 which prohibited the use of percentages.

The trial was held prior to July 1, 1998, but the final judgment was not signed until after July 1, 1998. Upon remand for retrial, the post July 1, 1998, version of SDCL 20–9–2 will govern all proceedings and thus this issue is moot.

favor of Hossle. Verdict Form 1 is consistent, not inconsistent, with said instructions. In addition, no objection was made to Verdict Form 1.

[¶ 19.] As instructed, the jury also answered the special interrogatories, finding that Hossle was 32% negligent and Fountain was 68% negligent. This was consistent with both the general verdict and the jury instructions because the jury was instructed that Hossle could still recover as long as his contributory negligence was "slight" or less than "slight." Obviously, the jury concluded that 32% contributory negligence was "slight" or less than "slight" and, therefore, Hossle was entitled to a verdict in his favor.

[¶ 20.] However, under *Wood v. City of Crooks*, 1997 SD 20, ¶ 1, 559 N.W.2d 558, 559, a jury determination of contributory negligence of 30% or more is more than slight as a matter of law. Therefore, based on the jury's ·determination that Hossle was 32% contributorily negligent, the trial court properly entered judgment under SDCL 15–6–58 for Fountain on Hossle's claim for damages.

[¶ 21.] In addition, even if one determined that the verdict forms and the special interrogatories were inconsistent, which I do not concede, the majority opinion has not shown that the trial court abused its discretion under SDCL 15–6–49(b) by accepting the answers to the special interrogatories rather than granting a new trial.

> When the answers [to special interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to § 15–6–58 in accordance with the answers,· notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.

SDCL 15–6–49(b). Clearly, there can be no abuse of discretion ·when the statute permits the option selected by the trial court in its discretion.

[¶ 22.] We should affirm the trial court. Therefore, I dissent.

882

96-85<br>5<br>341

59

STATE OF SOUTH DAKOTA )        IN CIRCUIT COURT
                       )ss

COUNTY OF GREGORY     )        SIXTH JUDICIAL CIRCUIT

---

HARLAN HOSSLE
        Plaintiff,        FILE NO. 96-85

VS.                  **VERDICT FOR THE PLAINTIFF**
                         **COUNTERCLAIM DISALLOWED**
                            **[VERDICT FORM 1]**

KEVIN FOUNTAIN,
        Defendant.

---

We, the jury, duly empaneled in the above-entitled action and sworn to try the issues therein, find for the Plaintiff, Harlan Hossle upon all the issues.

Further, we find for the Plaintiff, Harlan Hossle, upon all the issues under the Defendant, Kevin Fountain's Counterclaim, and allow Kevin Fountain nothing on said Counterclaim.

Dated this 28 day of May, 1998.

_____
Foreperson

STATE OF SOUTH DAKOTA
CIRCUIT COURT, GREGORY CO.
**FILED**

MAY 2 8 1998

_____ CLERK
By_____Deputy

241

$$\frac{46-85}{5}$$
$341$

(60)

STATE OF SOUTH DAKOTA )             IN CIRCUIT COURT
                      )ss
COUNTY OF GREGORY     )             SIXTH JUDICIAL CIRCUIT

---

HARLAN HOSSLE,
             Plaintiff,         FILE NO. 96-85
vs.
                            **SPECIAL INTERROGATORIES**
KEVIN FOUNTAIN,               **TO THE JURY**
             Defendant.

---

The issues to be determined by you in this case are as follows:

1. Do you find either or both parties were negligent in any degree, concerning the motor vehicle collision involved in this lawsuit?

             Yes ✓          No____

             If you answer this question "Yes," go on to question No. 2. If you have found that neither party was negligent, and if you have answered the question "No," your deliberations are complete. Please return this Special Interrogatory into Court, along with Verdict Form No. 3.

2. If you have answered question No. 1 above "Yes," and you have found either or both parties negligent, you must determine the relative shares of negligence of the parties. These relative shares must add up to 100%. Please return this Special Interrogatory into Cou along with Verdict Form 1 or 2.

             Plaintiff Harlan Hossle      32 %
             Defendant Kevin Fountain    68 %
                               100%

Dated this 28 day of May, 1998.

F SOUTH DAKOTA
)URT, GREGORY CO.
FILED

MAY 2 8 1998

_____ Foreperson

Donald Beor CLERK
By_____ Deputy

242

96-85
S
341

STATE OF SOUTH DAKOTA )          IN CIRCUIT COURT
)ss
COUNTY OF GREGORY )          SIXTH JUDICIAL CIRCUIT

---

HARLAN HOSSLE,
         Plaintiff,          FILE NO. 96-85

VS.          **VERDICT FOR THE DEFENDANT**
               **[VERDICT FORM 2]**

KEVIN FOUNTAIN,
         Defendant.

---

We, the jury, duly empaneled in the above-entitled action and sworn to try the issues therein, find for the Defendant, Kevin Fountain, upon all the issues under the Complaint of the Plaintiff, Harlan Hossle, and allow Harlan Hossle nothing on his Complaint.

Further, we find for the Defendant, Kevin Fountain, upon all the issues under the Counterclaim.

Dated this ___ day of May, 1998.

Foreperson

STATE OF SOUTH DAKOTA
CIRCUIT COURT, GREGORY CO.
FILED

MAY 2 8 1998

~~Deborah Beard~~ CLERK
By_____Deputy

243

46-85
S
341

STATE OF SOUTH DAKOTA )                    IN CIRCUIT COURT
                    )ss
COUNTY OF GREGORY   )                    SIXTH JUDICIAL CIRCUIT

---

HARLAN HOSSLE,
                    Plaintiff,        FILE NO. 96-85

VS.                                  **VERDICT FOR THE DEFENDANT**
                                     **COUNTERCLAIM DISALLOWED**
KEVIN FOUNTAIN,                      **[VERDICT FORM 3]**
                    Defendant.

---

We, the jury, duly empaneled in the above-entitled action and sworn to try the issues therein, find neither party is entitled to recover.

Dated this ___ day of May, 1998.

_____
Foreperson

STATE OF SOUTH DAKOTA
CIRCUIT COURT, GREGORY CO.
FILED

MAY 2 8 1998

Deborah _____ CLERK
By_____Deputy

244

## NO. 16

Each party claims to be entitled to damages from the other, the Plaintiff, Harlan Hossle, under the Complaint, and the Defendant, Kevin Fountain, under the Counterclaim. The burden is upon each party to prove by greater convincing force of the evidence that the other was negligent, and that such negligence was a proximate cause of the accident.

The issues to be determined by you in this case on the Plaintiff, Harlan Hossle's Complaint are these:

1. Was the Defendant, Kevin Fountain, negligent?

If you find Kevin Fountain was not negligent, you will return a verdict for the Defendant. If you find the defendant was negligent, you have a second issue to determine, namely:

2. Was Kevin Fountain's negligence a proximate cause of any injury to Harlan Hossle?

If you find Kevin Fountain's negligence was not a proximate cause of Harlan Hossle's injury, Harlan Hossle is not entitled to recover and you will return a verdict for the Defendant, Kevin Fountain.

If you find Kevin Fountain's negligence was a proximate cause of Harlan Hossle's injury, you then must find on a third issue:

3. Was the Plaintiff, Harlan Hossle, also negligent?

If you find Harlan Hossle was not negligent, you must return a verdict for the Plaintiff, Harlan Hossle.

NO. 16, page 2.

If you find Harlan Hossle was also negligent, you must determine a fourth issue, namely:

4. Was Harlan Hossle's negligence a proximate cause of his own injury?

If you find that it was not a proximate cause of Harlan Hossle's injury, you must return a verdict for the Plaintiff, Harlan Hossle.

If you find that Harlan Hossle's negligence did contribute as a proximate cause of his own injury, Harlan Hossle may still recover if you find that such contributory negligence of Harlan Hossle was "slight" in comparison with the negligence of Kevin Fountain. If you find that Harlan Hossle is contributorily negligent, but that Harlan Hossle's negligence is under the circumstances slight in comparison with Kevin Fountain's negligence, Harlan Hossle is still entitled to recover.

If you find that such contributory negligence on the part of Harlan Hossle is more than slight in comparison with the negligence of Kevin Fountain, Harlan Hossle cannot recover.

The issues to be determined by you in this case on the Defendant, Kevin Fountain's Counterclaim are these:

1. Was the Plaintiff, Harlan Hossle, negligent?

If you find Harlan Hossle was not negligent, you will disallow the Counterclaim. If you find the Plaintiff was negligent, you have a second issue to determine, namely:

2. Was Harlan Hossle's negligence a proximate cause of any property damage to Kevin Fountain?

If you find Harlan Hossle's negligence was not a proximate cause of Kevin Fountain's property damage, Kevin Fountain is not entitled to recover and you will disallow the Counterclaim.

NO. 16, page 3.

If you find Harlan Hossle's negligence was a proximate cause of Kevin Fountain's property damage, you then must find on a third issue:

3. Was the Defendant, Kevin Fountain, also negligent?

If you find Kevin Fountain was not negligent, you must allow the Counterclaim.

If you find Kevin Fountain was also negligent, you must determine a fourth issue, namely:

4. Was Kevin Fountain's negligence a proximate cause of his own property damage?

If you find that it was not a proximate cause of Kevin Fountain's property damage, you must allow the Counterclaim.

If you find that Kevin Fountain's negligence did contribute as a proximate cause of his own property damage, Kevin Fountain may still recover if you find that such contributory negligence of Kevin Fountain was "slight" in comparison with the negligence of Harlan Hossle. If you find that Kevin Fountain is contributorily negligent, but that Kevin Fountain's negligence is under the circumstances slight in comparison with Harlan Hossle's negligence, Kev-

in Fountain is still entitled to recover on the Counterclaim.

If you find that such contributory negligence on the part of Kevin Fountain is more than slight in comparison with the negligence of Harlan Hossle, Kevin Fountain cannot recover and you must disallow the Counterclaim.

## NO. 20

A claimant who is contributorily negligent may still recover damages if that contributory negligence is slight, or less than slight, when compared with the negligence of the other party. The term "slight" means small when compared with the negligence of the other party.

In determining this issue you must determine the answer to two questions:

(1) Whether the two parties were negligent; and

(2) If both are negligent, whether the party's negligence is

(a) "slight" or less than "slight", or

(b) more than "slight" in comparison with the other party's negligence.

In answering the second question you must make a direct comparison between the conduct of the two parties.

Concerning Plaintiff Harlan Hossle's claim, if you find Harlan Hossle's contributory negligence is more than slight when compared with the negligence of the Defendant Kevin Fountain, then Harlan Hossle is not entitled to recover damages on his claim.

NO. 20, page 2.

Correspondingly, concerning the counterclaim of Defendant Kevin Fountain against Plaintiff Harlan Hossle, if you find Kevin Fountain's contributory negligence is more than slight when compared with the negligence of the Plaintiff Harlan Hossle, then Kevin Fountain is not entitled to recover any damages on his Counterclaim.